## In the Matter of the Estate of Nelson A. Grote, Deceased.
## Loretta Lemen et al., Appellants, v. Estate of Nelson A. Grote, Deceased, Appellee.

1. JOINT TENANCY, § 6*—*when right of survivorship does not obtain in personalty.* Where a husband turned over to his wife out of his earnings a certain sum for a long term of years, from which she paid their living expenses and of the balance, with his consent, invested a part in real estate in their joint names and deposited a part in the bank, from which he checked and made loans in his own name, and at the time of his death there was on deposit in certain banks certain sums on deposit certificates stating he and she were joint owners of said sums and that said sums should be payable to either before or after the other's death three months after date, *held*, on petition for discovery of assets filed against said wife as administratrix of his estate, that said funds were held in equal shares, and that the deceased impliedly made a gift to his wife of one-half of the proceeds of said certificates. and that, notwithstanding it may have been their intention that said funds should be held jointly with right of survivorship, they would still be held, under the Act of 1821, in common and the right of survivorship would not obtain.

2. JOINT TENANCY, § 6*—*right of survivorship of joint estates.* The Act of 1821, abolishing the right of survivorship of joint

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

estates, is still in force, with unimportant changes, as to personal property, as the Act of July 1, 1872, restoring the right of survivorship when so expressly provided in a conveyance, has reference only to real estate and in no way affects personal property held in joint ownership.

Appeal from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the March term, 1916. Reversed and remanded with directions. Opinion filed November 13, 1916.

W. E. KNOWLES and T. M. WEBB, for appellants.

JAMES G. RAFTER and DAN McGLYNN, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

A petition was filed in the Probate Court of St. Clair county, by Loretta Lemen and May O'Neill, daughters of Nelson A. Grote, deceased, to compel Margaret E. Grote, widow of said deceased and mother of said petitioners, the administratrix of said estate, to make discovery of and inventory certain moneys which petitioners state on information and belief said administratrix had in her possession belonging to the estate of said deceased. No particular moneys or funds were designated, it being alleged in said petition that the knowledge with reference to said funds was particularly with said administratrix. The administratrix was the only witness testifying in the cause.

On the hearing in the Probate Court the prayer of said petition was denied and said petition was dismissed. On appeal to the Circuit Court said cause was heard at the September term, 1915, and an order was entered by the court dismissing said petition at the cost of said petitioners, and from said judgment this appeal is prosecuted.

The oral evidence consists alone of the testimony of said administratrix and is to the effect that Nelson A. Grote and his wife, Margaret E. Grote, lived for many

years in the City of East St. Louis; that during the time of his marriage, Nelson A. Grote was employed by an express company, which employment paid him a salary of $125 per month; that for a period of something like twenty-two years preceding his death, said deceased from his monthly salary retained $25 for his own use, the remaining $100 he would deliver to his wife.

The evidence further discloses that Mrs. Grote was a frugal woman and saved whatever she could out of the money delivered to her by the deceased, and with his knowledge and consent she purchased certain real estate, paid taxes and life insurance, and the other necessary expenses about the house. The balance of the money, with the knowledge and consent of her husband, she would deposit in various banks in the City of East St. Louis to their joint account.

At the time of the death of said Nelson A. Grote, there was on deposit in the Southern Illinois National Bank the sum of $5,037.50, and in the Illinois State Bank, the sum of $1,000. The certificate of deposit for the $5,037.50 issued by the Southern Illinois National Bank was as follows:

"N. A. and Margaret Grote, Joint owners, have deposited with The Southern Illinois National Bank, of East St. Louis, Five thousand, thirty-seven dollars and fifty cents, payable to the order of either, before or after the death of the other, on the return of This Certificate properly endorsed, three months after date, in current funds.

"This deposit bears no interest after maturity and will not be paid until this certificate is due."

The certificate for the $1,000 in the Illinois State Bank was of a similar character.

It is insisted by appellants that no gift was made by said deceased of the moneys delivered by him to his wife, Margaret E. Grote, and that whatever remained after the payment of the family expenses from the

funds so delivered by said deceased to his wife, remained his property and being traced to the certificates of deposit above referred to should have been inventoried as a part of his estate.

On the other hand, appellee contends that without reference to whether or not there was a gift of said funds to her by her husband at the time the same was delivered to her, that the fact that Nelson A. Grote allowed his said wife to retain said funds without making any account to him and allowed her to control the depositing of said funds, through the long period of years covering these matters, would have the effect of vesting the title to said funds in her.

There being no pleadings in this case from which the court can determine the theory of the parties to this proceeding, the only way that that theory is to be determined is from their briefs and arguments. Appellants insist that in order for appellee to hold the funds in question she must prove by a preponderance of the evidence that her husband, Nelson A. Grote, made an absolute gift of said funds to her in her lifetime, while appellee insists, quoting from the brief of her counsel: "We have refused from the commencement of this litigation to share the views of counsel for appellants in their insistence that the transactions between Nelson A. Grote and his wife were to be measured and determined by the law relating to gifts *causa mortis* or *inter vivos.*" Again quoting from the brief of appellee: "Each semimonthly payment to her (appellee) was an executed transaction, and it is not altogether true to say that under the facts of this case these payments to her was a gift as the relation was contractual; she agreeing to pay, and the proof clearly showing that she did pay, all household and other expenses, and thereafter treating the residue as her own absolutely and without condition."

We do not agree in our conclusions with either contention but are inclined to hold that under the facts

disclosed in this record, Nelson A. Grote and appellee, his wife, held the funds covered by the two certificates in equal shares. It is probable that it was the intention of appellee and her said husband that they would hold said fund as tenants in common with right of survivorship, and if the right of survivorship obtained with reference to personal property jointly held as it did at common law, appellee would probably be entitled to this whole fund.

In the case of *Hay v. Bennett*, 153 Ill. 271, the court at page 281, in discussing the question as to whether the Act of 1821, and which act with unimportant changes is still a part of the statute of this State, applied to personal property as well as real estate, says: "It seems reasonably clear that section 2 of this Act of 1821, being section 1 of the present chapter 76 (J. & A. ¶ 6744), is broad enough to include personal as well as real property, and that some of the phraseology, to wit, that referring to transmissibility to executors and administrators, is especially applicable to personal estate. Section 3 of the original act (section 2 of chapter 76, J. & A. ¶ 6745) manifestly includes a reference to personal property held in joint ownership, and has been so construed by our Supreme Court. (*Benjamin v. Stremple*, 13 Ill. 466; *Boyle v. Levings*, 28 Ill. 314; *German National Bank v. Meadowcroft*, 95 Ill. 124.)" This same section applied to real estate held in joint tenancy and provided: "That if partition be not made between joint tenants, the parts of those who die first shall not accrue to the survivor or survivors, but descend or pass by devise, and shall be subject to debts, dower, charges, etc., or transmissible to executors or administrators, and be considered, to every intent and purpose, in the same view as if such deceased joint tenants had been tenants in common." In construing this section the Supreme Court held that all estates in joint tenancy become tenancies in common and thereby cut off the right of survivorship.

The Legislature in order to obviate the sweeping effect of the Statute of 1821 abolishing joint estates, in the act concerning conveyances, in force July 1, 1872, re-enacted the provision in the Revised Statutes of 1845, provided in section 5, "that no estate of joint tenancy in any lands, tenements or hereditaments shall be held or claimed under any grant, devise or conveyance whatsoever, heretofore or hereafter made, other than to executors and trustees, unless the premises therein mentioned shall expressly be thereby declared to pass, not in tenancy in common, but in joint tenancy; and every such estate, other than to executors and trustees (unless otherwise expressly declared as aforesaid) shall be deemed to be in tenancy in common." Section 5 of the Act on Conveyances (J. & A. ¶ 2236), however, has reference only to real estate and in no way affects personal property held in joint ownership, so that the Statute of 1821, abolishing the right of survivorship as to such personal property, still obtains.

It is insisted by appellee that whatever was left of the funds from time to time delivered by Nelson A. Grote to appellee were her funds and that she had complete control of the same, and that it was wholly with her as to how she deposited the same, and that by reason of the fact that the deceased never called on appellee to account for said funds or inquired of her what she was doing with the same necessarily shows that he had surrendered the entire dominion over said funds, and that they thereby became appellee's sole property. In other words, appellee argues that the construction placed on these transactions by appellee and her said husband must control.

It is our opinion, however, that if the question of the ownership of these funds is to be determined by that rule, our conclusion that the funds were owned in equal shares by appellee and her said husband must obtain, for the reason that the funds accumulated from time

to time from the funds delivered by the deceased to appellee were deposited in the name of both of them, and that this fact was known to the deceased and acquiesced in by him; that being true, at the time the deceased delivered these funds to his wife each month, he knew just what disposition was being made of them, and the conclusion would follow that one reason why he said nothing to her when he delivered the funds and why he made no inquiry of her as to how she was disposing of them is because he knew, according to her own testimony, just what disposition was being made of them, and that, that disposition of said funds was satisfactory to him.

There are other circumstances in the record that go to corroborate the correctness of this holding and that is, that certain real estate purchased by appellee from the accumulated funds saved from the amounts delivered by the deceased to her were invested in real estate, the title to which was taken to both of them. The record further discloses that the deceased did have access to these accumulated funds and that he checked from said funds and made loans therefrom, which loans he made in his own name, one of said notes now being in the hands of said appellee as such administratrix and which she concedes should be inventoried as a part of her husband's estate.

The construction we place on this transaction is as favorable, we think, as appellee can contend for, as she testified on the hearing that when these funds were delivered to her by her husband, nothing was said about there being a gift, in fact, she testified, that nothing was said when the funds were so delivered to her, but she says, "they were given to pay expenses. Sometimes it was over and above expenses; the balance, of course, went to me." The statement, however, that the balance went to appellee was a mere conclusion on her part, as she testified that her husband said nothing about what should be done with the

balance. Appellee's counsel insist in their brief that they do not have to claim this fund by gift, either *inter vivos* or *causa mortis,* but that the relation between the deceased and appellee when these funds were turned over to appellee was a contractual relation, that is, that appellee should pay the household expenses, taxes, etc., out of said funds and that the balance should be her property. Appellee further insists that while there is no direct proof of this contractual relation, that it is shown by implication from the acts of the parties and the way in which they treated the handling of these funds. This conclusion, however, as stated above, does not follow from the acts of the parties for the reason that according to appellee's own testimony she deposited these funds that were accumulated in the name of both of them, or when she purchased real estate from these funds she purchased it in the name of both of them, and that these acts of hers with reference to said funds were known to her husband, and were acquiesced in by him.

Our conclusion further is, that to the extent of one-half of the proceeds of the certificates in question, Nelson A. Grote impliedly made a gift to appellee, his wife, and that the same was an executed gift. The authorities we think fully bear out this construction. *Koch v. Sallee,* 176 Ill. App. 381; *Grondenberg v. Grondenberg,* 112 Ill. App. 615; *Morey v. Wiley,* 100 Ill. App. 76; *Mahan v. Schroeder,* 236 Ill. 392.

We might further observe with reference to the provisions in said certificates of deposit to the effect that the funds so deposited should be payable to the order of said deceased or appellee after the death of the other, that said provision at most would amount to a power of attorney to withdraw the entire fund, which power of attorney was revoked by death. It would have no effect on the construction to be given to these certificates, as our holding is that notwithstanding it may have been the intention of appellee and her intes-

tate husband that said funds should be held jointly, with the right of survivorship, it would still, under the provisions of the Statute of 1821, be held in common and the right of survivorship would not obtain.

For the error in dismissing the petition and in not directing appellee to charge herself as administratrix of her husband's estate with one-half of the proceeds of the two certificates of deposit, as well as the note, said cause is reversed and remanded with directions to the trial court to enter an order directing said administratrix to charge herself as administratrix with one-half the proceeds of said certificates.

*Reversed and remanded with directions.*