(No. 12595.—Decree affirmed.)

GEORGE E. SVENSON, Appellant, *vs.* ANDREW HANSON *et al.* Appellees.

*Opinion filed October 27, 1919.*

1. REAL PROPERTY—*section 5 of the Conveyances act authorizes creation of joint tenancies notwithstanding the amendment of 1917.* Section 5 of the Conveyances act of 1827, providing the manner in which an estate may be conveyed to grantees as joint tenants, did not repeal section 1 of the Joint Rights and Obligations act of 1821, abolishing joint tenancies, but only modified its application to real estate, and hence the amendment of 1917 to said section 1 did not re-enact that section as a new law inconsistent with section 5 of the Conveyances· act. (*Mette* v. *Feltgen,* 148 Ill. 357, followed.)

2. STATUTES—*repetition of old law in amendment is not enactment of new statute.* Where the legislature enacts an amendatory statute providing that a certain act shall be amended so as to read as repeated in the amendatory act, such portions of the old law as are repeated, either literally or substantially, in the new act are to be regarded as a continuation of the old law and not the enactment of a new statute.

3. SAME—*old law is retained in amendatory act as originally construed.* Where an amendatory act retains the same words and phraseology that were contained in the former law, which has been construed by the courts, it must be presumed that such law was retained in the amendatory act in view of the judicial construction already placed upon it.

APPEAL from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding.

ANDERSON & ANDERSON, for appellant.

CHARLES L. BARTLETT, SHERMAN C. SPITZER, and ROBERT HUMPHREY, for appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This is an appeal from a decree of the superior court dismissing for want of equity the appellant's bill praying partition of the following vacant and unimproved lands: Lot 59 and the south half of lot 60, in block 21, in Ravenswood Gardens, a subdivision of that part of the west half of the northeast quarter and the east half of the northwest quarter (except the right of way of the Northwestern Elevated railroad) of section 13, township 40, north, range 13, east of the third principal meridian, lying northeast of the right of way of the Sanitary District of Chicago, in Cook county, Illinois. The bill alleges that appellant is the owner of an undivided one-half interest in said lands and that appellees are the owners of the other one-half interest therein.

Appellant bases his claim on the provisions of section 1 of the Joint Rights and Obligations act, (Laws of 1917, p. 557,) alleging that estates in joint tenancy are thereby abolished. The sole question presented is one of statutory construction.

It appears from the bill that Gustaf E. and Ingeborg Svenson, parents of the appellant, were seized as joint tenants of the premises in controversy, deriving their title by warranty deed from Charles F. Powers and wife, dated July 1, 1918, in which the land was conveyed to them "not in tenancy in common but in joint tenancy;" that Gustaf E. Svenson departed this life intestate October 13, 1918, leaving him surviving Ingeborg Svenson, his widow, and appellant, his son and only heir-at-law; that October 14, 1918, Ingeborg Svenson, for a valuable consideration, conveyed the real estate in question to appellees, not in ten-

ancy in common but in joint tenancy, and thereafter departed this life intestate on October 16, 1918, leaving her surviving appellant, her son and only heir-at-law. The bill further alleges that by virtue of the act of June 26, 1917, which amends section 1 of the Joint Rights and Obligations act, (Hurd's Stat. 1917, chap. 76,) the right of survivorship in real estate as between joint tenants was abolished, and therefore that appellant, as heir of his father, is owner of an undivided one-half of said lands, and appellees, as grantees of his mother, are the owners of the other undivided one-half of said lands as tenants in common. This claim is based on the apparent conflict between that act as amended and section 5 of the act concerning conveyances, (Hurd's Stat. 1917, chap. 30,) which permits the creation of common law estates in joint tenancy in real estate by an express declaration in the deed to that effect.

Section 1 of the Joint Rights and Obligations act, which abolished joint tenancies, was originally enacted in 1821. It provided: "If partition be not made between joint tenants, the parts of those who die first shall not accrue to the survivor or survivors but descend or pass by devise, and shall be subject to debts, dower, charges, etc., or transmissible to executors or administrators, and be considered to every intent and purpose, in the same view as if such deceased joint tenants had been tenants in common." (Rev. Stat. 1845, p. 299; Rev. Stat. 1874, p. 620.) By the amendment of June 26, 1917, the following was added to that section: "*Provided,* that when a deposit in any bank or trust company transacting business in this State has been made or shall hereafter be made in the names of two or more persons, payable to them, jointly or severally evidenced by a writing signed by them when the account is opened, such deposit or any part thereof or any interest or dividend thereon may be paid to any one of said persons, whether the other or others be living or not; when an agreement permitting such payment is signed by all said persons at

the time the account is opened or thereafter and the receipt or acquittance of the person so paid shall be valid and sufficient discharge from all parties to the bank for any payments so made." (Laws of 1917, p. 557.)

Section 5 of the Conveyances act was originally adopted in 1827 and has continued in our statute ever since. It provides: "No estate in joint tenancy, in any lands, tenements or hereditaments, shall be held or claimed under any grant, devise or conveyance whatsoever, heretofore or hereafter made, other than to executors and trustees, unless the premises therein mentioned shall expressly be thereby declared to pass, not in tenancy in common, but in joint tenancy; and every such estate, other than to executors or trustees, (unless otherwise expressly declared as aforesaid,) shall be deemed to be in tenancy in common." (Rev. Stat. 1845, p. 103; Rev. Stat. 1874, p. 273; Hurd's Stat. 1917, p. 659.)

Appellant insists that this section 5 was repealed by the amendatory act of June 26, 1917, for the reason that the two acts are inconsistent, and in such case the later act must prevail over the former. This contention is based upon the assumption that the act of 1821 was repealed by implication by the act of 1827, so that the re-enactment of section 1 of the act of 1821 with the proviso was the enactment of a new law inconsistent with section 5 of the Conveyances act, and, by implication, a repeal of said section. Appellees, on the other hand, insist the act of 1827 did not operate as a repeal of the former act but only modified the provisions of that act in so far as it affected real estate, and that the re-enactment in 1917 of section 1 of the Joint Rights and Obligations act with the proviso was not the enactment of a new law but only the continuance in force of the old law.

The history of the legislation on this subject was reviewed in *Mette* v. *Feltgen,* 148 Ill. 357, where it was held that the act of 1827 did not repeal the act of 1821 but only

modified it so as to permit the creation of estates in joint tenancy in real estate. It was there pointed out that in the Revised Statutes of 1845 section 2 of the act of 1821 appears as section 1 of chapter 56, entitled "Joint Rights and Obligations," and section 5 of the act of 1827 appears as section 5 of chapter 24, entitled "Conveyances," and that both chapters were approved on the same day; also that in the revision of 1874 section 2 of the act of 1821 again appears as section 1 of the Joint Rights and Obligations act, approved February 25, 1874, and section 5 of the act of 1827 appears as section 5 of the act concerning conveyances, approved March 29, 1872, and that both sections have now been on the statute books concurrently since 1827, and each twice included, without change of phraseology, in the general revisions of the statutes of this State. It was there further pointed out that prior to the revision of 1845 the statutory law on the subject was to be found in the act of 1821 as modified by the act of 1827, which latter act prevailed, and furnished the rule in all cases where the two acts were inconsistent with each other; also that the re-enactment of these two statutes, without change, in the revision of 1845, and again in 1874, was a re-adoption of the statutory law on the subject in the same condition it was before any revision was made, and that the two statutes were to be construed the same as they would have been construed prior to the revision of 1845; that as a consequence the provisions of the act of 1827 must still be regarded as modifying the act of 1821 to the extent of permitting a grantor to create the common law estate of joint tenancy by expressly so declaring in the deed.

As further evidence of the fact that the legislature did not intend to forbid the creation of estates in joint tenancy it is well to note that provision has been made through all the revisions of our statutes for the partition of estates in joint tenancy. (Rev. Stat. 1845, chap. 79; Rev. Stat. 1874, chap. 106; Hurd's Stat. 1917, chap. 106.) It can

not be presumed that the legislature provided for the partition of an estate which it had declared could not exist.

There is no such conflict between the act of 1821 and the act of 1827 as would cause the former act to be repealed by the later act. By the two acts the legislature merely reverses the law applying to a joint conveyance of real estate. At common law a conveyance of real estate or a transfer of personal property to two or more persons without adding any qualifying words vested the title in such grantees or transferees as joint tenants, with the rights of survivorship. The act of 1821 abolished the common law estate of joint tenancy in real estate and abrogated its common law incident of right of survivorship in both real and personal property. This is now, and has been since 1821, the law of this State. A conveyance of real estate to two or more persons without adding any qualifying words vests the title to such real estate in the grantees as tenants in common and not as joint tenants. The act of 1827 did not purport to repeal the act of 1821, nor did the legislature by that act intend to restore the common law rule as to conveyances of real estate, so that a conveyance to two or more persons should vest the title in the grantees as joint tenants. By the act of 1827 a grantor was given the right to create an estate in joint tenancy with the common law incident of right of survivorship, provided the grantor clearly indicated this intention by using appropriate language therefor. The act of 1827 not only did not repeal the provisions of the act of 1821, but, on the contrary, expressly declared, with the provisions of the act of 1821, that every estate conveyed by deed should be deemed to be in tenancy in common, unless in the conveyance the premises therein mentioned should be expressly declared to pass not in tenancy in common but in joint tenancy.

Since the act of 1827 did not repeal the act of 1821 but only modified it in so far as it applied to real estate, the repetition of that part of the law as a part of the amenda-

tory act of June 26, 1917, was not the enactment of a new law on that subject but merely a continuation of the old law then in force, with the amendment added. The old law was re-enacted *verbatim* and the proviso added. It is a familiar rule, that when the legislature enacts an amendatory statute, providing that a certain act shall be amended so as to read as repeated in the amendatory act, and no change is made in the wording of the old act, such portions of the old law as are repeated, either literally or substantially, in the new act are to be regarded as a continuation of the old law and not the enactment of a new law on that subject. Hurd's Stat. 1917, chap. 131, sec. 2; *Merlo* v. *Coal and Mining Co.* 258 Ill. 328; *People* v. *Brunstrom,* 274 id. 62; *Spiehs* v. *Insull,* 278 id. 184.

It is elementary that where an amendatory act retains in a new law the same words and phraseology that were contained in a former law which has been construed by the courts, it must be presumed that such law was retained in the amendatory act in view of the judicial construction already placed upon it. The legislature is presumed to have known the construction previously placed upon such law and by its re-enactment to have intended that it should again have the same effect. (*Kirby* v. *Runals,* 140 Ill. 289; *Kelley* v. *Northern Trust Co.* 190 id. 401; *Daube* v. *Kuppenheimer,* 272 id. 350.) As these sections of the law were construed prior to the amendatory act of June 26, 1917, they permitted the creation of common law estates in joint tenancy in real estate where such intention was expressly declared in the deed creating the estate. (*Mette* v. *Feltgen, supra; Slater* v. *Gruger,* 165 Ill. 329; *Smith* v. *Henline,* 174 id. 184.) The holding in these cases is now the established doctrine in this State. (*Gaunt* v. *Stevens,* 241 Ill. 542.) The construction placed upon these two acts in *Mette* v. *Feltgen, supra,* is decisive of this case.

The decree of the superior court is therefore affirmed.

*Decree affirmed.*