**The People of the State of Illinois, Defendant in Error, v. Edwin E. Graves and Roy F. Hull, Plaintiffs in Error.**

### Gen. No. 27,063.

1. STATUTES—*examination of legislative records to ascertain legislative intent.* To ascertain the legislative intent the court may inspect the legislative journals giving the history of its acts and, where acts are passed at the same session containing conflicting clauses, the whole record of legislation will be examined to ascertain the legislative intent which, if ascertained, is given effect regardless of priority of enactment.

2. CONSPIRACY—*statutory penalty.* The penalty for conspiracy is fixed by Session Laws, Fifty-First General Assembly 1919, page 428, sec. 46 (Cahill's Ill. St. ch. 38, ¶ 116 note), and the trial court in such a case properly imposed a sentence of from one to five years and a fine of $2,000.

3. STATUTES—*effect of printing entire amended statute.* The printing of an entire section of a statute sought to be amended cannot be held to effect legislative enactment of anything except the amendment.

4. STATUTES—*effect of separate amendments of a statute at the same legislative session.* Where two amendments to a section of the conspiracy statute were enacted by the legislature at the same session, one exempting certain persons from its operation and the other altering the penalty, in both cases the whole section as amended being set out in accordance with constitutional requirement, the fact that the enactment of the provision relating to exemptions was completed after the one altering the penalty did not have the effect of repealing the penalty amendment and re-enacting the penalty provision as it stood before amendment.

5. STATUTES—*effect of approval or veto of an amendment upon unamended parts printed in the bill to identify the location of the amendment.* The approval or veto by the governor of an amendment to a statute will affect only the proposed amendment and will not operate upon other portions of the statute printed in the bill for the purpose of identifying the place of the amendment and to enable the legislature and the governor to form an opinion as to its fitness, relation to and effect upon the whole statute.

Error to the Criminal Court of Cook county; the Hon. THOMAS TAYLOR, JR., Judge, presiding. Heard in this court at the October term, 1921. Affirmed. Opinion filed January 23, 1922.

DARROW, SISSMAN, HOLLY, POPHAM & CARLIN, for plaintiffs in error.

ROBERT E. CROWE, for defendant in error; EDWIN J. RABER and E. E. WILSON, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

This writ of error brings before us the question as to what is the present statutory penalty for the crime of conspiracy.

At the April term, 1920, defendants were indicted by the grand jury of the criminal court of Cook county for conspiracy. Upon trial they were found guilty and the jury by verdict fixed the punishment of each defendant at imprisonment in the penitentiary, and a fine of $2,000. The court sentenced them on the verdict to imprisonment in the penitentiary from one to five years and to pay a fine of $2,000. Defendants say that under the Conspiracy Statute then in force, the penalty is for a term not to exceed five years in the penitentiary, or a fine of $2,000, or both, and that the court had no power to sentence except upon a verdict fixing a definite term of imprisonment which might have been for any period of time less than five years.

This controversy arises because of two amendments to section 46 of the Conspiracy Statute (Cahill's Ill.

The People v. Graves et al., 224 Ill. App. 235.

St. ch. 38, ¶ 116) passed at the same session of the legislature in June, 1919, and the question is, how did these amendments affect the penalty?

In order to ascertain the legislative intent, the court may inspect the legislative journals giving the history of its acts. *Eddy v. Morgan*, 216 Ill. 437. Where acts are passed at the same session containing conflicting clauses, the whole record of legislation will be examined in order to ascertain the legislative intent which, if ascertained, is given effect regardless of priority of enactment. *Mette v. Feltgen*, 148 Ill. 357.

Upon argument before the trial court upon the question of the penalty, the Journals of the Senate of the Fifty-First General Assembly for 1919, and also the Journal of the House of Representatives for the same year relating to these respective amendments, were received in evidence and they appear before us in a bill of exceptions.

Upon examination of the legislative history of these amendments, we are of the opinion that the legislature intended to fix the penalty for conspiracy at a fine "not exceeding $2,000 or shall be imprisoned in the county jail not exceeding one year, or shall be imprisoned in the penitentiary for a term of not less than one year and not exceeding five years, or may be so fined and so imprisoned in the county jail or penitentiary." (Session Laws, Fifty-First General Assembly 1919, page 428, sec. 46, Cahill's Ill. St. ch. 38, ¶ 116 note), and that the trial court imposed the sentences warranted by law.

There was introduced in the House, Bill No. 621, which appears on pages 427 to 431, inclusive, of the 1919 Session Laws. It is an act to amend twenty-one different sections of the Criminal Code so as to create a minimum term of one year of imprisonment in those sections of the Criminal Code theretofore prescribing no minimum term. The purpose was obviously to bring all persons convicted of violation of those sec-

tions within the operation of the Parole Law. The incentive to this was the decision in *People v. Moses,* 288 Ill. 281, where it was held that the minimum term for conspiracy was one day, hence the provision of the Parole Law cannot apply, for parole cannot be granted before one year of imprisonment. This House Bill, No. 621, was introduced April 30, 1919, and referred to the Committee on Judiciary. May 8 was ordered to first reading; May 9 to second reading; and May 29 the Bill passed the House; it reached the Senate on June 3, was there referred to the Judiciary Committee, and June 10 reported with an amendment; and June 17 was passed by the Senate. June 18 it came back to the House which concurred in the Senate amendment.

The other bill to amend section 46 of the Conspiracy Statute exempted the collective activities of farmers, gardeners and dairymen from the operation of the statute. It was introduced in the Senate June 10 as Bill No. 573, and passed June 12. It appears it was after this that the Senate took up for consideration House Bill No. 621, relating solely to the penalty. Senate Bill No. 573, exempting farmers, reached the House on June 13, and June 14 was referred to the Committee on Agriculture. June 16 it was read a second time and certain amendments were adopted but nothing touching the penalty. June 17, this Senate Bill passed and was sent to the Senate for its concurrence; June 18, the Senate concurred in the amendments of the House. Thus final legislative action on both Bills took place on the same day, June 18. In each of these bills, as required by the Constitution (section 13, art. 14), the entire section sought to be amended was printed at length, and plaintiffs in error contend that the enactment of Senate Bill No. 573 was a re-enactment of the old penalty provision and a repeal of the penalty amendment of House Bill No. 621.

From this narrative it is plain that in passing these two amendments to the Conspiracy Statute, the legislature intended to enact two separate and unrelated laws, the one relating to the penalty, and the other removing the activities of certain classes of citizens from the statute. Bearing in mind the situation with reference to penal statutes with no minimum term of imprisonment, and the desirability of bringing all sentences imposing imprisonment in the penitentiary within the operation of the Parole Law, it is evident that the legislature had no intention by enactment of the amendment exempting farmers from the Conspiracy Statute, to affect or change in any way their synchronous legislation with reference to penalty.

Under article 5, sec. 16 of the Constitution, every bill, before it becomes a law, must be presented to the Governor, and if he approves, he shall sign it "and thereupon it shall become a law." House Bill No. 621, changing the penalty, was approved and signed by the Governor June 28, and Senate Bill No. 573, exempting farmers, was approved and signed June 30, 1919. Upon this is based the argument that the act of approval of June 30, being subsequent to the approval of the amendment touching the penalty, operated to repeal that act and re-enacted the old penalty. We cannot give assent to this contention. Section 2, ch. 131, on Statutes (Cahill's Ill. St. ch. 131, ¶ 2), provides that "the provisions of any statute, so far as they are the same as those of any prior statute, shall be construed as a continuation of such prior provision and not as a new enactment." Applicable to the present question is what is said in Sutherland on Statute Construction, sec. 237, page 441:

"The constitutional provision requiring amendments to be made by setting out the whole section as amended was not intended to make any different rule as to the effect of such amendments. So far as the section is changed it must receive a new operation, but so far as it is not changed it would be dangerous

to hold that the mere nominal re-enactment should have the effect of disturbing the whole body of statutes *in pari materia* which had been passed since the first enactment. There must be something in the nature of the new legislation to show such an intention with reasonable clearness before an implied repeal can be recognized. 'By observing the constitutional form of amending a section of the statute,' says the court in one case, 'the legislature does not express any intention they have to enact the whole section as amended, but only an intention to enact the change which is indicated. Any other rule of construction would surely introduce unexpected results and work great inconvenience.' "

This expresses our opinion which is further supported by the decision in *Svenson v. Hanson*, 289 Ill. 242, which expressly says that repetition of part of an old law as part of an amendatory act is not the enactment of a new law.

The printing of an entire section sought to be amended cannot in reason be held to effect legislative enactment of anything except the amendment. The only thing presented on which the legislature was asked to act was the amendment. The title of the Senate Bill No. 573, exempting farmers, indicates this. It is "An Act to amend Section 46 of Division 1 of 'An Act to revise the law in relation to criminal jurisprudence,' approved March 27, 1874, in force July 1, 1874, as amended."

What would be the effect of a veto by the Governor of a bill to amend a statute? Would it nullify the entire statute or only the amendment? Obviously only the latter. The converse is also true, that the approval of the Governor was only of the proposed amendment and did not operate upon other portions of the statute printed in the bill for the purpose of identifying the place of the amendment, and to enable the legislators and the Governor to form an opinion as to its fitness, relation to and effect upon the whole statute.

Counsel for plaintiffs in error have shown extraordinary industry in collecting and presenting numerous cases to support their theory, but none of them alters the above considerations moving us to our conclusion. Other matters have been presented upon which we express no opinion, as the reasons above noted are sufficient to justify the affirmance of the judgments.

*Affirmed.*

DEVER, P. J., and MATCHETT, J., concur.