## In re Estate of Peter Reder, Deceased.
## Joseph Reder, Appellant, v. Emma Reder, Administratrix of the Estate of Peter Reder, Deceased, Appellee.

### Gen. No. 27,969.

1. TENANTS IN COMMON—*creation of joint tenancy in personalty by contract.* The right of joint tenancy in personal property, including bank accounts, with full right of survivorship was creatable by contract prior to the act of 1917, permitting banks to pay to the survivor of two or more joint depositors a joint deposit, and the act of 1919, notwithstanding the abolishment of the common-law estate of joint tenancy by the act of 1821 or the express provisions of the act of 1827 covering the creation of such estate in real property.

2. BANKING—*joint account by husband and wife.* A valid joint tenancy in a bank account with right of survivorship was created by the deposit in 1914 of a sum of money by husband and wife under agreement that such deposit could be drawn by either or both of them and should be the property of the survivor, and it is immaterial that the husband, who died first, contributed substantially six-sevenths of the fund constituting the deposit, where the evidence clearly shows that it was the intention of all parties that the whole deposit should belong to the survivor.

Appeal by plaintiff from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES and Hon. HENRY HORNER, Judges, presiding. Heard in the Branch Appellate Court at the October term, 1922. Affirmed. Opinion filed February 13, 1923.

EUGENE HUSS and VICTOR E. REHM, for appellant.

ALBERT N. CHARLES and JOSEPH G. SHELDON, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

This is an appeal from an order of the circuit court affirming an order of the probate court in the estate of Peter Reder, deceased, overruling objections to the inventory filed therein, and dismissing

a petition for citation praying that Emma Reder, administratrix of said estate, be examined concerning moneys and funds claimed to be in her possession and belonging to said estate, but not shown or reported in said inventory.

Emma Reder is the widow of said Peter. The moneys so claimed consisted of a deposit in their joint names in a savings account with the Central Trust Company of Illinois, the balance of which at the time of the death of Peter Reder was $7,364.45, all of which, except $1,006.40, originally belonged to him. He died February 5, 1918. The next day, February 6, she drew $300 from the account, and the balance, February 7.

The order affirmed found that said account stood in their joint names under the following agreement:

"We hereby open our joint account with you and authorize and instruct you to honor the signature of both, or either, or the survivor, in the withdrawal of funds or any other transaction in connection with this account."

The account was opened as a joint account April 27, 1914, when Peter and Emma Reder signed a so-called signature card which bore thereon the impression of a rubber stamp in the words of said agreement. In designating joint accounts at that time the bank used two forms of rubber stamps, referred to in the record as the "long stamp" and "short stamp." The former contained the words of said agreement, and the latter the words "Payable to both or either." Certain of the bank officials and employees testified that it was the custom of the bank at that time and up to July 1, 1917—when the act in relation to joint rights and obligations was amended—to require both customers of a joint account to sign a card containing an impression of the long stamp as the agreement with respect thereto; and a clerk of the bank, one Hasten, with whom Peter conferred at the time said joint account was opened,

testified that when Peter and Emma signed said card it bore upon its face the impression of said long stamp. Hasten also testified that at that time Peter said, in substance, in the presence of Emma, that "he wanted the account in such a way that he or she could use it at all times, no matter what happened, and that either one could draw it after death." The teller of the bank also testified to a conversation with Peter to the same effect, had just before he opened said account.

The card also contained an agreement with respect to the by-laws, etc., of the bank, not material here, above which was the impression of the long rubber stamp. Diagonally across both was an impression of the short stamp which was ordinarily the only one used on the pass book. Prior to the amendment in 1917 of the law in relation to joint rights and obligations (ch. 76, Hurd's Rev. St. 1917) no other method of designating joint tenancy accounts was employed in said bank than by the use of such signature cards with the impression of the long stamp thereon. While another form of card was used to designate such account after said amendment, and one of Peter's sons testified that a clerk of the bank placed the long stamp across the second page of the pass book at the time the account was closed out, neither fact has any material bearing on the case.

While there was no direct denial of the facts as above stated, appellant criticizes the testimony of the witness Hasten, who was apparently somewhat confused when first testifying as to the time the impression of the long rubber stamp was placed on the card. The court evidently accepted his corrected testimony in the form above stated, and we see no good reason for not doing so.

Under these facts the question arises whether title to the moneys passed to Emma Reder under the doctrine of survivorship, or to the estate. Appellant

contends that there could be no joint tenancy in personal property with right of survivorship under the laws of this state as they then existed, and that, if such right existed, the evidence is insufficient to show an account of that character.

Both of appellant's contentions, we think, are fully answered in the case of *Erwin v. Felter,* 283 Ill. 36. It was there expressly stated—what was an essential premise of the court's conclusion—"that a joint tenancy is not confined to real estate but may exist in personal property," and reference has frequently been made to the fact that our statutes in relation to joint tenancies refer to personal as well as real estate. (*Hay v. Bennett,* 153 Ill. 271, and cases there cited; *McCune v. Reynolds,* 288 Ill. 188; *Svenson v. Hanson,* 289 Ill. 242.) As, therefore, it cannot be questioned that there may be a joint tenancy in personal property, the questions presented on this record are (1) whether the law then in force in relation to joint tenancies prohibited or prevented entering into a contract for a joint tenancy with its common-law incident of right of survivorship, and (2) whether the contract in question is one of that character.

Unquestionably without such a contract, then, under the statute, the part or interest of a joint owner who dies does "not accrue to the survivors," but shall be "transmissible to executors, or administrators, and be considered, to every intent and purpose, in the same view as if such deceased joint tenants had been tenants in common." (Rev. St. 1874, ch. 76, sec. 1.) While the amendatory act of 1917 added a proviso thereto, permitting a bank or trust company to pay to the survivor of two or more persons a deposit therein, payable to them jointly or severally, it did not change the law with respect to the ownership of the money. It was manifestly intended to protect the bank in making the payment. Except as thus amended and modified by the law of 1827 pertaining to conveyances of real estate (Convey-

ances Act, sec. 5) the law prior to the revision of 1919 has been the same since the act of 1821, which abolished the common-law estate of joint tenancy in both real and personal property. (*Svenson v. Hanson,* 289 Ill. 242, 247.)

Legislation on the subject prior to 1917 was fully discussed in *Mette* v. *Feltgen,* 148 Ill. 357, and, while the view of the court, as expressed in the main opinion, seems to have rested upon the right given by the act of 1827 to create a common-law estate of joint tenancy in real estate with its common-law incident of survivorship, it was the view of Mr. Justice Magruder in a separate opinion that the creation of a joint tenancy was not forbidden by the statute, and that while it did not exist by operation of the law, it may exist by the express declaration of the parties. This, too, is the view expressed in *Svenson v. Hanson, supra,* where it is said:

"As further evidence of the fact that the legislature did not intend to forbid the creation of estates in joint tenancy it is well to note that provision has been made through all the revisions of our statutes for the partition of estates in joint tenancy. (Citing statutes.) It cannot be presumed that the legislature provided for the partition of an estate which it had declared could not exist." (p. 246.)

While these cases involved the question of a joint tenancy in real estate, and the court in the *Svenson* case refers to statutes pertaining to real estate as indicating the intent of the legislature on the subject, yet the act of 1821, there declared to be still in force, makes no distinction with respect to joint tenancies between real estate and personal property.

It would therefore seem to follow that there is nothing in the statutes inhibitory of the right to contract for a joint tenancy. And it does not necessarily follow that because section 5 of the Conveyances Act provides for such a contract with respect to real estate, and the act of 1919 [Cahill's Ill. St.

ch. 76] provides therefor with respect to personal property, that the right under such a contract did not exist before those laws were passed. The declaration of such right in said acts may have been intended to settle doubts and controversies as to its previous existence. It was the theory in *Hay v. Bennett*, 153 Ill. 271, followed by *Lemen v. Grote's Estate*, 203 Ill. App. 50, that because the act of 1821 "abolished" the rule of survivorship in a joint tenancy in personal property it could no longer exist with such incident. But there was no discussion of the subject whether the effect of the act was to prohibit the creation of the right thereto by contract.

Such right, however, is clearly recognized in the case of *Erwin v. Felter, supra,* where a contract for joint ownership of personal property with the incident of survivorship was enforced. It could not have been enforced without the right to make it, and the right could not exist if prohibited by the act of 1821. No other conclusion can be reached, therefore, than that the laws of this State have always permitted a joint tenancy in personal property with the common-law incident of survivorship if there was an apt agreement therefor. Interpreted by these decisions the act of 1821 merely converted all joint tenancies, after the death of one of the joint tenants, into tenancies in common *unless a contrary intention was expressed.* This is the construction put upon such legislation in general by Pomeroy in his work on Equity Jurisdiction, vol. 1, sec. 408, where, in discussing the question, he says:

"This legislation throughout all the states has declared that a conveyance of land to two or more grantees shall, *unless a contrary intention is clearly expressed,* create an ownership in common, and not a joint ownership."

The question, therefore, whether a joint tenancy in personal property with the right of survivorship

could be created by contract before the act of 1919 went into effect, is seemingly answered in the affirmative in the case of *Erwin v. Felter, supra,* which, being the latest expression of the Supreme Court on the subject, must be regarded as overruling what was said thereon in *Hay v. Bennett, supra,* and other cases. While the statutes are not expressly discussed in the *Erwin* case, the court in enforcing the contract in that case unquestionably assumed that the laws pertaining to joint tenancy did not prevent entering into it.

We think, too, that the contract in the case at bar clearly evidenced an intent to create a joint tenancy in the deposit with right of survivorship.

There is no essential difference between the facts in the present case and those in the *Erwin* case. In each there was a written contract clearly indicating an intention to create a joint tenancy in the money deposited and expressly authorizing the withdrawal of the entire deposit by either of the parties in whose name it stood, or the survivor. In each the source of the deposit was originally in the party who died, and was claimed by the administrator of the latter's estate. In the *Erwin* case certificates of deposit were made payable upon the written request of a mother to herself, or her daughter, or the survivor, and the question to be decided was whether upon such contract the right of survivorship to such deposit existed in the daughter. The contract here is no less explicit. There the court said that the writings clearly manifested the mother's "desire that her daughter should have a joint interest with her in these sums of money and that the survivor should have the whole," and held that "the daughter was jointly interested in the certificate of deposit with her mother, and upon the latter's death became entitled to recover the money as her own property." These statements as to the intent and interest of the

parties are equally applicable to the contract here, and we fail to see any reasonable ground for a different conclusion as to its construction and effect. Accordingly the judgment will be affirmed.

*Affirmed.*

MORRILL and GRIDLEY, JJ., concur.