(No. 24745.—)
THE PEOPLE *ex rel.* Ernest Palmer, Director of Insurance, Appellee, *vs.* THE NATIONAL BANKERS INSURANCE COMPANY OF LINCOLN, Appellant.

*Opinion filed October 17, 1938—Rehearing denied Dec. 8, 1938.*

FRANK LINDLEY, and TRAPP & TRAPP, for appellant.

OTTO KERNER, Attorney General, and JOHN B. HARRIS, for appellee.

Mr. CHIEF JUSTICE SHAW delivered the opinion of the court:

This is a direct appeal from the circuit court of Logan county questioning the constitutionality of certain provisions of the Insurance Code hereinafter referred to.

The Attorney General filed a petition in the circuit court charging, in substance, that the defendant corporation was organized in 1922; that in 1928 it elected to avail itself of the act of 1927 providing for the incorporation, liquidation and control of assessment life insurance companies and has since then been acting under this later act. The petitioner further charges that the Director of Insurance caused an examination of the affairs of the company to be made and found it to be insolvent and unable to meet its claims; that this report was delivered to the company on October 27, 1937, and, with it, notification that a hearing was called for November 10, 1937, at the office of the director for the purpose of discussing its business affairs, which notice was accompanied by an order that the company make good the impairment in its surpluses and reserves and remove other causes for liquidation prior to that date; that this meeting at the request of the company was continued until December 18, 1937, at which time the directors and officers of the company submitted a proposed plan of reorganization, but that the same had never been put into operation nor the causes for liquidation removed.

The complaint further alleges that the total admitted assets of the company were $17,694.64 and the total lia-

bilities $18,863.74, giving it an excess of liabilities over assets of $1169.10. This deficit appears to be in excess of a required reserve of $10,000, which seems to have been non-existent, although the complaint is indefinite on this point. The complaint further alleges that the officers of the company were not properly bonded; that claims, settlements and requests for cash surrender values had been delayed and deferred for want of cash; that the progress of the company had been retarded by lack of an agency organization and that operating losses had necessitated the levying of a twenty per cent policy lien; that the company had no reinsurance in force and was retaining individual risks larger than permitted by the Insurance Code; that it had only 325 policies in good standing, being less than the number required under the Insurance Code. It was further alleged that the company had outstanding and unpaid certain death claims, and that certain claims were accrued and unpaid although apparently not finally proved; that its total outstanding and unpaid loss claims aggregated $1365, and that, in addition thereto, the company was indebted for salaries, rents, borrowed money, reinsurance premiums and other items which it was unable to pay.

The complaint prayed for an order to show cause, under article 13 of the Insurance Code, why the company should not be dissolved and that, upon hearing, the court enter an order finding sufficient cause for dissolution and directing the Director of Insurance to take possession of the property and liquidate the same as provided by law. To this petition the company filed a motion to dismiss, in the nature of a demurrer, which was overruled by the court. The company elected to stand by its motion and a decree was entered finding the facts as alleged in the complaint and granting the relief prayed for. This appeal is from that decree, and it is contended that the Insurance Code of 1937, hereafter referred to, is unconstitutional in that it deprives the company of its property without due process of law.

608

The appellant corporation was organized in 1922 under the statute of 1893, but thereafter, on February 15, 1928, by resolution of the board of directors, it elected to avail itself of and be governed by the provisions of the act of July 14, 1927, and thereafter operated under that act. It was a part of that act that companies operating under it and writing life insurance on the assessment plan were also subject to the provisions of the Insurance Liquidation act of 1925. (State Bar Stat. 1935, chap. 73, par. 432 (13).) What is referred to as the New Insurance Code, enacted in 1937, (Ill. Rev. Stat. 1937, chap. 73, par. 800, p. 1832,) is substantially a re-enactment of the grounds for liquidation found in the prior Insurance Liquidation act of 1925. In each of them it is made a ground for liquidation if the company is found, after examination, to be in such condition that its future transaction of business will be hazardous to its policy-holders or to its creditors or to the public. This provision has been held to be and is a valid and constitutional enactment. (*Ward* v. *Farwell*, 97 Ill. 593; *Republic Life Ins. Co.* v. *Swigert*, 135 id. 150; *Chicago Life Ins. Co.* v. *Auditor*, 101 id. 82.) When a new statute is enacted which contains portions of a prior law that is repealed, the re-enacted portions are to be regarded as a continuation of the old law and not the enactment of a new statute. *Svenson* v. *Hanson*, 289 Ill. 242.

It seems to be appellant's position that because the Insurance Code of 1937 expressly repeals the prior act of July 14, 1927, (and many others,) it has destroyed all of the company's franchise rights contrary to the well known principal announced in the *Dartmouth College case* and many others since then. The argument fails to point out, however, wherein any right of appellant has been affected by the new code. An examination of that code shows it to be a substantial re-enactment of hundreds of old provisions, having long been established, plus the addition of many new ones. Unless the argument is intended to mean

that this company has a vested right to continue in business notwithstanding the impairment of its capital, and notwithstanding that such continuance in business would imperil the rights of creditors, policy-holders and the public, it can mean nothing at all.

The argument here presented was advanced and disposed of in this court nearly sixty years ago in the case of *Ward* v. *Farwell, supra.* The court had before it the constitutionality of the act of 1874 providing for the dissolution of insurance companies when the Auditor of Public Accounts, upon examination, became of the opinion that their condition was such as to render their further continuance in business hazardous to those insured therein. The act provided for a judicial inquiry as does the one we are now considering. It was argued there, as here, that the act deprived the stockholders of their property without due process of law and it was also argued in that case, as it is in this one, that the company's charter was a contract not subject to later legislative impairment under the doctrine of the *Dartmouth College case.* All of these arguments were overruled. It was held the business of insurance was subject to regulation under the police power and that the police power could not be bartered away by the legislature, even if it had so desired and intended; that the insurance company, although incorporated under a private act, without any reservation of any right to amend its charter, nevertheless took that charter subject to the police power as a necessary incident to be implied from its acceptance. It was held that due process of law was fully satisfied because the act required, as does the present act, that there should be a judicial inquiry following the Auditor's determination of the facts.

This same rule was followed and the same principles announced in *Republic Life Ins. Co.* v. *Swigert, supra,* and *Chicago Life Ins. Co.* v. *Auditor, supra.* In the very recent cases of *People* v. *Neihaus,* 356 Ill. 104, and *People* v.

*Peoria Life Ins. Co.* 357 id. 486, we recognized the validity of the act here in question, although its constitutionality was not assailed in either of those cases, nor has it been, so far as we can learn, since the *Republic Life Ins. Co. case* in 1890.

We find no merit in any position taken by the appellant. The petition of the Attorney General discloses an impairment of reserves, an excess of liabilities over assets, delays in the payment of claims, by reason of lack of funds, a continued operating loss which has heretofore necessitated a twenty per cent policy lien, the absence of reinsurance, the retention of individual risks larger than permitted to companies of this class, the existence of outstanding unpaid claims, losses, salaries, rents, expense bills and other items. It is too clear for words or argument that this company is "in such condition that its further transaction of business would be hazardous to its policy-holders or to its creditors or to the public," within the exact meaning of sub-section (e) of section 188 of the Insurance Code.

The decree of the circuit court will be affirmed.

*Decree affirmed.*