Benjamin *v.* Stremple.

---

CHARLES BENJAMIN, Plaintiff in Error, *v.* JOAB STREMPLE, Defendant in Error.

### ERROR TO PIKE.

Although, by the common law, one tenant in common of a chattel cannot maintain trover against a co-tenant, although the latter obtains possession of the article, and excludes the former from all participation in its use, our statute has so far modified this rule as to allow one tenant in common to maintain trover against a co-tenant who assumes exclusive control over the property.

In an action of trover by the bailee of a chattel, or one having a special property therein, against the real owner, the plaintiff can recover his special property only; but if the action is against a stranger, he is entitled to recover the full value of the article, and he holds the balance beyond his special interest, in trust for the general owner, to whom he is responsible.

The members of a voluntary association being strictly tenants in common of the effects owned by the association, each having an equal interest therein, deposited the same with a person for safe keeping, and he became responsible as a bailee; this gave him such an interest in the effects as would authorize him to maintain trover against a stranger and recover their full value, for the benefit of the owners. But as against a part-owner, he can only recover the interests which belong to the others, and the value of the interest of the party sued should be excluded in the assessment of damages.

THIS action was commenced by Stremple before a justice of the peace in Pike county, and taken by appeal to the Circuit Court. The bill of exceptions taken at the trial of the cause in the Circuit Court, shows, that a son of Benjamin, under pretence of desiring to borrow some nails, entered the workshop of one Craig, from whence he took a chest which contained the regalia of the New Salem Division, No. 304, of the Sons of Temperance; and that said Charles Benjamin and his son, the said Stremple, and eighteen others, were members of said division; that said chest was kept in the shop of Craig, where the division met, but that Stremple kept the key; that Benjamin told his son to take away the chest, because the division owed him and he had taken that course to get his money. The regalia of the division was worth forty dollars. That under the rules and regulations of said division, the said chest and its contents, consisting of the regalia of said division, were placed in the charge and possession of an officer of said division called a conductor, which office Stremple held at the time the chest was taken and at the time of the institution of the suit; that the division held Stremple responsible for the safe keeping and delivery of the said property at the expiration of his term of office.

The cause was heard before MINSHALL, Judge, and a jury, at October term, 1851, of the Pike Circuit Court, and resulted in a verdict and judgment in favor of Stremple for the sum of $40 and costs. Benjamin brought the cause to this court by writ of error.

D. A. SMITH, for plaintiff in error.

M. HAY and G. EDMONDS, for defendant in error.

TREAT, C. J. The facts of this case admit of no dispute. Twenty-one persons were members of a voluntary society established for their mutual benefit. They were without corporate existence, and held some property in common. It was placed in the hands of the plaintiff, one of the members, who was responsible for its safe keeping. It was taken from his possession by the defendant, also a member, and converted to his own use. The plaintiff then brought an action of trover, and recovered the entire value of the property.

The law of the case is equally plain. By the common law, one tenant in common of a chattel cannot maintain trover against a co-tenant, although the latter obtains possession of the article, and excludes the former from all participation in its use. The reason is, that the possession of one is regarded as the possession of both. But if one tenant destroys the chattel, or does any equivalent act, his co-tenant may bring trover and recover the value of his share. Brown v. Hedges, 1 Salk. 290; Heath v. Hubbard, 4 East, 110; Fennings v. Grenville, 1 Taunt. 241. Our statute has so far modified the common-law rule as to allow one tenant in common to support trover against a co-tenant who assumes exclusive control over the joint property. Rev. Stat. ch. 56, § 2. In an action of trover by the bailee of a chattel, or one having a special property therein, against the real owner, the plaintiff can recover the value of his special property only; but if the action is against a stranger, he is entitled to recover the full value of the article, and he holds the balance beyond his special interest in trust for the general owner, to whom he is responsible over. Lyle v. Bartlett, 5 Binn. 457; Ingersoll v. Van Bokkelin, 7 Cowen, 670; Spoor v. Holland, 8 Wend. 445; White v. Webb, 15 Conn. 302; Chamberlain v. Shaw, 18 Pick. 278; Liroville v. Black, 5 Dana, 176; Strong v. Strong, 6 Alab. 345.

In this case, the members of the association were strictly tenants in common of the property, each having an equal interest therein. They deposited the same with the plaintiff for safe keeping, and he became responsible to them as a bailee. This gave him such an interest in the property as would authorize him to maintain trover against a stranger, and recover its

full value for the benefit of the owners.   In such case, he would represent the entire interest in the property.   But this action is against a part-owner, and he is not entitled to recover the value of his share.   He only represents the interests of the other tenants in common, and he can only recover to the extent of their interests in the property.   The value of the defendant's share should be excluded in the assessment of damages.   It would be a great absurdity to permit the plaintiff to recover the whole value of the property, when he would hold a portion of the amount recovered as so much money had and received to the use of the defendant.   To avoid circuity of action, the law allows the value of the defendant's share to go in mitigation of damages.   Upon the evidence, the plaintiff was clearly entitled to recover the full value of the property, after deducting the value of the defendant's interest therein.   But the court charged the jury, that they might find for the plaintiff the entire value, and they acted upon the instruction.   The damages were therefore excessive; and the judgment must be reversed, and the cause remanded.

*Judgment reversed.*