Trippe, Judge.
1. The general rule in an action of trover, as to the measure ' of damages, is the value of the property wrongfully taken or converted; and this is so, whether the action be brought by the general or absolute owner, or by one who has a special property or interest in the thing, such as a bailee, pawnee, étc. Of this latter class, is one who holds the property as collateral security for a debt due from the bailor. The reason why the bailee in such a case as last stated, is allowed to recover the whole amount of the value of the thing pledged, is, because if the whole value is not greater than his claim, then all is his, and if it be greater, he is liable over to the general owner or bailor for any excess in its value beyond the debt for which it is pledged. And not only this, but it is the only way in which the bailor’s right to that excess can be asserted, unless by two actions against the wrong doer. If, then, the reason of the principle that the bailee can recover the full *value of.the thing converted, is on account of the ulterior interest of the bailor, and that interest be discharged or satisfied out of the property itself, will not the rule cease? The liability on the part of the bailee,-as trustee for any surplus, no longer exists. The right of the bailor is gone by his own act in accepting satisfaction, and if what be left and what the bailee does recover, be sufficient, and in fact does discharge his whole claim, he can have no right to complain that he is not allowed to recover what belongs to nobody. This limitation on the measure of damages,- restricting it in certain cases similar to this, to the real damage sustained by the plaintiff in the injury to his special property, is fully recognized in many cases: 9 Pick, 551; 4 Blackf., 348; 47 Penn., 118; Hil *471 Hard on Remedies for Torts, 412, 413; Sedg. on Damages, 482: In 18 Pick, 283, Shaw, Chief Justice, thus illustrates this point: “A factor has a lien on goods, to half their value. The principal becomes bankrupt, and the property vests in the assignees, subject, of course, to all legal liens. The assignees, denying and intending to contest the factor’s lien, get possession of the goods and convert them. The factor brings trover, establishes his lien and recovers. How shall the damages be assessed? If he recover the full value of the goods, he will be responsible back to. the defendants themselves, for a moiety of the value. To avoid circuity of. action, why should not damages be assessed to the amount of the lien. He is fully indemnified, the balance of the value is in the hands of those entitled to it, and the whole controversy is settled in one suit.”
2. It does not satisfactorily appear from the record, whether or not the plaintiff was present at the time Tillman made the statement proposed to be proved by Adams, the agent of the express company. If he was present, the evidence was admissible. Its admission and consideration by the jury, would not be in violation of the rule that parol evidence cannot add to or vary a written contract. This was not an action on a written contract between plaintiff and defendant. It was an order indorsed on defendant’s receipt to Tillman to pay the *within to plaintiff. The evidence offered was to show why that order was given, to-wit: that it was only intended to make plaintiff the agent of Tillman. In Carhart Brothers & Company vs. Wynn, 22 Georgia, 24, it was held, that “it may be shown by parol evidence that the indorsement of a note was made for a special purpose, for instance, as an authority to collect.” In that case the plaintiffs were permitted to prove that their own indorsement did not convey the title, and only constituted the indorsee an agent to collect, when such was the fact, and that fact was notified to one of the parties to the note (an indorser) who gave that agent notice to sue.
3. If the Court be clearly satisfied that the plaintiff was present, the testimony should be admitted. If it be evident that he was not present, of course it should not be admitted, for it then could not affect the plaintiff. The facts proven might leave it such a question as to be properly left to the jury under a proper charge by the Court on that point.
Judgment affirmed.