[S. F. No. 2751.   In Bank. — November 5, 1901.]

CALIFORNIA CURED FRUIT ASSOCIATION, Appellant, v. W. AINSWORTH and PHŒNIX RAISIN SEEDING AND PACKING COMPANY, Respondents.

ACTION FOR CONVERSION — INTEREST LIMITED TO PERCENTAGE — BREACH OF CONTRACT TO DELIVER PRUNES — DAMAGES NOT WITHIN JURISDICTION. — A complaint which sets forth a contract limiting the interest of the plaintiff in a crop of prunes, to be delivered by the defendants to the plaintiff at its packing-house, to two per cent of the prunes, and alleging a breach of the contract, and a conversion by the defendants of the entire crop of prunes, of the alleged value of seven hundred dollars, shows only a cause of action for the recovery of fourteen dollars damages, which is not within the jurisdiction of the superior court, and a demurrer thereto for want of jurisdiction of the subject-matter was properly sustained, and the action dismissed.

ID. — MEASURE OF DAMAGES FOR CONVERSION. — Where the plaintiff is the general owner, or is accountable over to a third person for goods converted, the measure of damages is their value at the time of the conversion; but if the plaintiff has only a special interest or limited property in the goods, he can recover from the owner of the remaining interest only to the extent of his interest therein.

ID. — CIRCUITY OF ACTION — POLICY OF LAW — ACCOUNTABILITY OF PLAINTIFF AS TRUSTEE — BREACH OF CONTRACT FOR POSSESSION. — To avoid circuity of action, it is the policy of the law that the rights of both parties shall be settled in one action; and where, if the contract were carried out, the plaintiff would be accountable as a trustee of the defendants for their interest in the property, he cannot recover the value of such interest, notwithstanding their breach of an agreement for possession thereof by the plaintiff.

APPEAL from a judgment of the Superior Court of Santa Clara County.   James M. Seawell, Judge presiding.

The facts are stated in the opinion of the court.

Jackson Hatch, for Appellant.

William A. Bowden, for W. Ainsworth, Respondent.

S. G. Tompkins, for Phœnix Raisin Seeding and Packing Company, Respondent.

HARRISON, J.— Action in trover for the conversion of ten tons of prunes, alleged to be of the value of seven hundred dollars.

The plaintiff bases its right of recovery upon a certain contract between it and the defendant Ainsworth, by the terms of which Ainsworth, who was the owner of a tract of land, upon which the prunes were then growing, " sold and transferred to plaintiff an undivided interest, equal to two per cent, in his interest or ownership in or to said prunes, and agreed to cultivate and care for said prunes, at his own expense, and to cure the same to the satisfaction of plaintiff's inspector, and as soon as the same were so cured to deliver the whole thereof to plaintiff at the packing-house " in San José. The complaint further alleges, that after the execution of said agreement Ainsworth picked said prunes and cured the same to the satisfaction of the plaintiff's inspector, and " for the purpose and with the design of preventing plaintiff coming into possession of said prunes under said contract," without the knowledge or consent of the plaintiff delivered the same into the possession of his co-defendant, who received them with knowledge of the aforesaid contract with the plaintiff, and that the defendants then and there converted and appropriated said prunes to their own use, for which the plaintiff prays judgment for the sum of seven hundred dollars, the value of said prunes, as its damages. The defendants severally demurred to the complaint, upon the ground that it does not state facts sufficient to constitute a cause of action, and also upon the ground that the court has no jurisdiction of the subject-matter of said action. The demurrer was sustained, and the plaintiff declining to amend, judgment was entered in favor of the defendants and dismissing the action. Plaintiff has appealed.

The rights of the plaintiff are to be measured by the terms of its contract with Ainsworth. His co-defendant is not a party to that contract, but as it is alleged that the prunes were delivered to him with full knowledge of its terms, it may be assumed that he stands in the same position as Ainsworth. It is not necessary to define the relation which was created by the contract between the plaintiff and Ainsworth. The plaintiff has assumed, in its complaint, that by virtue of the contract it was entitled to the possession of the whole crop of prunes raised by Ainsworth, and it is only upon such theory that it can maintain an action against the defendants for their conversion.

The general rule in regard to the measure of damages for

the conversion of goods when the plaintiff is the general owner, or is accountable over to another for the goods, is their value at the time of conversion; but if the plaintiff has only a special interest or limited property in the goods, he can recover from the owner of the remaining interest, or from one claiming. under such residuary owner, only to the extent of his interest therein.  The amount of damages which he is entitled to re-cover is such as will indemnify him for the loss he has sus-tained in not obtaining the possession of the goods.  (Suther-land on Damages, sec. 1136; *Benjamin* v. *Stremple*, 13 Ill. 466; *Sheldon* v. *Southern Express Co.*, 48 Ga. 625; *Burk* v. *Webb*, 32 Mich. 173; *Fowler* v. *Gilman*, 13 Met. 267; *King* v. *Bangs*, 120 Mass. 514; *White* v. *Allen*, 133 Mass. 423.)  In *Chinery* v. *Viall*, 5 Hurl. & N. 288, the plaintiff had bought a certain number of sheep from the defendant, on credit, and had left some of them with him to be delivered at a future day.  These were sold by the defendant while they were in his possession, and in an action of trover for their conversion the court held that the plaintiff could recover no more than the real damage which he had sustained, which would be the value of the sheep at the time of their conversion, less the amount which he had agreed to pay for them, — illustrating the rule by several instances in which the measure of damages is the actual damage sustained by the plaintiff, and not the value of the goods converted.  Under the rule of the common law, a chattel mortgage vested the title to the mortgaged property in the mortgagee, and gave him the right to its possession, but in an action against the mortgagor for the conversion of the property, the mortgagee could recover only the amount of his debt. (*Parish* v. *Wheeler*, 22 N. Y. 494; *West* v. *White*, 165 Mass. 258.)

By the terms of its agreement with Ainsworth, the interest of the plaintiff in the prunes was only two per cent of the crop.  If Ainsworth had delivered the entire crop to the plain-tiff in accordance with the terms of the contract, it would have been accountable to him for the remaining ninety-eight per cent, as the prunes should, from time to time, be sold.  As the prunes were never delivered to the plaintiff, the provision in the contract giving to it a lien for whatever payments it might thereafter make for grading and packing and other services, never became operative, nor is any claim therefor made in the complaint.  If the plaintiff should recover from the defendants herein the full value of the prunes, it would

hold the whole of such amount in excess of two per cent of such value for the use of the defendants, and be immediately liable to them therefor. To avoid circuity of action, it is the policy of the law that the rights of both parties shall be settled in one suit, by awarding to the plaintiff only the value of its interest in the property. The plaintiff will thereby be fully indemnified, and its right of recovery against the defendants is to be thus limited. (*Chamberlain* v. *Shaw*, 18 Pick, 278;[1] *Sheldon* v. *Southern Express Co.*, 48 Ga. 625.)

As under this rule the whole amount of damages to which the plaintiff is entitled by the terms of the contract would be only fourteen dollars, the action is not within the jurisdiction of the superior court.

The judgment is affirmed.

McFarland, J., Van Dyke, J., Garoutte, J., Beatty, C. J., and Henshaw, J., concurred.