[L. A. No. 16247.  In Bank.—June 2, 1938.]

SAMUEL GOLDBERG, Appellant, v. RUTH E. LIST et al., Respondents.

Feinfeld & Feinfeld and Stick & Moerdyke for Appellant.

John W. Carrigan, *in pro. per.,* and Harold E. Prudhon for Respondents.

CURTIS, J.—This action was instituted by the plaintiff, a conditional vendee of certain personal property consisting of trade fixtures and restaurant equipment, worth $2,500, covered by several conditional sales contracts, for damages for the conversion of said property by defendants, strangers to said conditional sales contracts. At the time of said conversion, the vendee was in arrears in the payment of instalments due upon said property, and subsequent to said conversion, the property, upon the demand of the conditional vendors, was turned over to them by the defendants. Judgment was entered in favor of the defendants upon a finding that plaintiff had suffered no damage by reason of said conversion. An appeal is taken by plaintiff from the judgment against him on the judgment roll alone, and the question, therefore, presented is whether or not the findings of the trial court will support the judgment.

The findings show that plaintiff, as lessee of two of the defendants, List and Stevenson, was in possession of a certain storeroom located in a building, part of which was used as a hotel. The court found that while plaintiff was in possession and occupation of said premises, but after he had ceased operating the restaurant business, the defendants "without cause, wrongfully, forcibly, unlawfully, wilfully and maliciously entered upon and took possession of said demised premises, together with the fixtures and equipment therein contained, against the will and without the consent of plaintiff . . . and converted said personal property to their own use . . . " The trial court further found that "after the conversion of said personal property by the defendants, and their refusal to return said property to plaintiff upon demand, said defendants delivered, upon demand of the vendors thereof, said personal property then being purchased by plaintiff on conditional sales contracts to the various persons from whom plaintiff had purchased same under said conditional sales contract", and that "by virtue of the plaintiff being in arrears in his payments under said conditional sales contracts, the demand for the possession thereof by the vendors, and the return by said defendants of said personal property to said vendors, plaintiff did not suffer any damages by reason of the conversion of the personal property by said defendants".

Appellant challenges the conclusion of the trial court that he was not entitled to judgment against the defendants, who the trial court found converted the property to their own use, by reason of the fact that he suffered no damage, being in default under the conditional sales contracts at the time of the conversion, and the property having been returned to the vendors. Appellant claims that, although owning only a qualified interest as conditional vendee in the personal property, he is entitled to recover its full value, by virtue of the fact that the defendants had no ownership in the property. (24 Cal. Jur. 1057; *California Cured Fruit Assn.* v. *Ainsworth,* 134 Cal. 461 [66 Pac. 586]; *Treadwell* v. *Davis,* 34 Cal. 601 [94 Am. Dec. 770]; *Thompson* v. *Toland,* 48 Cal. 99; *Booth* v. *Peoples Finance etc. Co.,* 124 Cal. App. 131 [12 Pac. (2d) 50].) ■ Appellant also relies upon section 3336 of the Civil Code, and section 3337 of the same code as compelling this conclusion. Section 3336 of the Civil Code provides that: "The detriment caused by the wrongful conversion of personal property is presumed to be: First—The value of the property at the time of the conversion, with the interest from that time, or, an amount sufficient to indemnify the party injured for the loss which is the natural, reasonable and proximate result of the wrongful act complained of and which a proper degree of prudence on his part would not have averted. . . ." Section 3337 of the Civil Code provides: "The presumption declared by the last section cannot be repelled in favor of one whose possession was wrongful from the beginning, by his subsequent application of the property to the benefit of the owner, without his consent." According to this theory, the fact that the converted property was returned by the respondents to the vendors under the conditional sales contracts upon their demand is an absolutely immaterial factor and cannot minimize the damages properly to be awarded to appellant, that is to say, the full value of the personal property converted.

We cannot agree with this contention. In the first place, we are of the opinion that section 3337 of the Civil Code does not preclude proof of the return of the property to the vendors in mitigation of the damage suffered by a conditional vendee. While it is true that the conditional vendee herein did not give his express consent to the application of the property herein to his benefit, nevertheless, at the time the condi-

tional vendee entered into the conditional sales contract, the right of the conditional vendor upon default to require the return of the property came into existence, not necessarily by virtue of any provision of the conditional sales contract but by virtue of the retention of title under this particular form of transaction. (Jones on Chattel Mortgages and Conditional Sales, vol. 3, sec. 1283.) In other words, a consent by the conditional vendee to the retaking of possession by the vendor upon default was implied in the very form of the contract itself. ■ The vendors exercised this right by making demand upon the respondents for the return of the property, and the respondents having no other course open to them but to comply with said legally enforceable demand, may be reasonably said to have acted pursuant to the consent given by the vendee to the vendor upon the entering into of the conditional sales contract. In any event, we are of the opinion that section 3337 can only be held to apply to a situation where the property was voluntarily applied by the party guilty of conversion to the benefit of the injured party, and can have no application to a situation such as here where the application was compelled by a legal duty.

■ Moreover, an analysis of the authorities which support the rule that a recovery of the full value of the property converted may be had by a person having only a limited or qualified interest therein, indicates that the underlying reason and basis for such recovery is the fact that the party having the limited or qualified interest is liable over to the owner of the remaining interest, and in order to be adequately compensated must receive sufficient compensation not only to compensate himself for his own loss but to satisfy the demands of such owner. The California cases of *California Cured Fruit Assn.* v. *Ainsworth, supra, Treadwell* v. *Davis, supra, Thompson* v. *Toland, supra,* and *Booth* v. *Peoples Finance etc. Co., supra,* all support, either by direct language to that effect, or from an examination of their facts, this theory. That this is the true basis for the permitting of the recovery of the full value of the property converted by one owning a qualified interest is demonstrated by the fact that when the action is against the owner of the general interest, the owner of a qualified interest can only recover for the value of such limited interest, in order "to avoid circuity of action". (*California Cured Fruit Assn.* v.

*Ainsworth, supra*; see, also, *Vandiver* v. *O'Gorman,* 57 Minn. 64 [58 N. W. 831] ; *Harrington* v. *King,* 121 Mass. 269; *Messenger* v. *Murphy,* 33 Wash. 353 [74 Pac. 480, 481] ; *Angell* v. *Lewistown State Bank,* 72 Mont. 345 [232 Pac. 90].) It would seem, therefore, that the reason for the rule permitting recovery by the owner of a qualified or limited interest of the full value of personal property converted, rests not upon the fact that the converter is a stranger and owns no interest in the personal property, but upon the fact that the owner of the qualified interest in addition to his own loss sustains a liability toward one owning a superior interest, which will need to be satisfied.

■ The rights and liabilities of the parties to a conditional sales contract are controlled by the terms of the particular contract under which they are bound. Some of such contracts contain provisions for continued liability after the retaking of possession of the property by the vendor. If so, the vendee therein should be permitted to recover against the converter of the personal property to the extent to which the vendee continues liable to the conditional sales vendor.

■ However, in the instant case, the appeal has been taken on the judgment roll alone, and it is the rule especially applicable to such an appeal, that "findings of the trial court are to receive such a construction as will uphold rather than defeat its judgments thereon, and whenever, from the facts found by it, other facts may be inferred which will support the judgment, such inference will be deemed to have been made". (*Anglo-California Trust Co.* v. *Oakland Rys.,* 193 Cal. 451, 460 [225 Pac. 452].) ■ The contracts are not before us, and we must assume in support of the judgment that they contained no provision for continued liability on the part of the vendee after the retaking of possession of the property by the conditional sales vendor.

■ The finding of the trial court to the effect that the vendee suffered no damage likewise compels the conclusion that the qualified or limited interest of the vendee in the personal property at the time of its conversion was of no value. This conclusion is necessarily predicated upon the inference that the conditional sales vendee paid nothing down on the purchase price and had made no instalment payments whatever under any of the conditional sales contracts. If this be so, the limited interest of the vendee had no monetary

value and was a mere naked right of possession. In view of the rule just above quoted, we must assume in support of the judgment that this inference may properly be made.

The judgment is affirmed.

Shenk, J., Waste, C. J., Seawell, J., and Langdon, J., concurred.

Rehearing denied.