[Civ. No. 7718.   Third Dist.   Apr. 26, 1950.]

D. J. JORDAN et al., Appellants, v. H. A. REYNOLDS et al., Respondents.

Preston & Falk and Joseph Rattigan for Appellants.

Spurr & Brunner, Harold Brunner and John B. Lawrence for Respondents.

PEEK, J.—This controversy arises out of an agreement concerning a sawmill located upon land in Mendocino County held by respondent Reynolds under a lease from respondent Allenthorp.

Appellants by their action sought to recover damages consisting of lost profits allegedly sustained as the result of Reynolds' repossession of the mill which appellants termed an eviction, and for damages for the alleged conversion of the

uncut logs upon the premises at the time of the aforesaid repossession. Respondents filed an answer and cross-complaint and the case was tried before the court without a jury.

The trial court found that Reynolds agreed to sell the sawmill to appellants for $5,000 payable at the rate of $1.50 per thousand board feet of lumber cut by the mill in not to exceed five years, with a minimum payment of $25 per month when appellants should be unable to operate the mill for a period of 30 days due to bad weather; that appellants entered into possession on or about October 1, 1944, and operated until December, 1944, but did not operate thereafter in a consistent and profitable manner; that operations were abandoned by appellants prior to September 2, 1945; that on September 2, 1945, Reynolds served a 30-day notice to quit the premises; that on or about October 25, 1945, Reynolds peaceably took possession of the premises and sold the same for $4,000; that during the period in which appellants were in possession they paid Reynolds $312.23 and tendered an additional $175 which Reynolds refused; that during said period appellants cut 207,-573 feet of lumber; that the sawmill could have reasonably cut from 10 to 15 thousand board feet of lumber per day each day it was operated; that the amount cut by appellants was not a substantial compliance with the terms of the agreement and the payments made were not a substantial compliance with the terms of payment of the agreement; that Reynolds' re-entry and repossession of the mill was legal and proper and did not constitute an eviction of appellants; that appellants built new roads and improved existing ones on the premises, installed a motor at the mill, and changed the belts and rollers upon the sawing equipment, all of which cost appellants $7,000; that appellants' operating costs during the period in which they operated were $26 per thousand feet; that the price at which appellants sold the lumber averaged $32 per thousand feet and that appellants were the owners of 256,685 feet of uncut logs on October 25, 1945, but were not in possession thereof since they had abandoned them on the premises where the mill was situated and that appellants were not excused by reason of weather conditions or the existence of a claimed labor shortage.

Judgment was entered denying recovery to appellants upon their complaint, and to respondents upon their cross-complaint, from which this appeal is taken.

The agreement entered into by the parties is contained in

a letter from Reynolds to appellants assented to by appellants which reads as follows:

> "Willits, California
> September 15th, 1944
>
> Messrs. M. L. Dos Reis and D. J. Jordan
> (co-partners operating Outlet Planing Mill)
> Longvale, California.
>
> Gentlemen:
>
> In line with my conversation with Mr. Kenneth Bell, representing you, this letter will authorize you to take over and operate my sawmill located on Wheelbarrow Ranch approximately 8 miles northeast of Willits, Mendocino County, California, on the following basis:
>
> 1. I enclose a copy of a lease for sawmill site on said ranch for five years from this date, and it is understood that you will comply with the provisions of said lease insofar as those provisions apply to you.
>
> 2. Upon your taking over said sawmill you are to pay me as rent for said mill the sum of $1.50 per M. BM for all merchantable lumber sawed by said mill, payment to be made by the 7th and 22d days of each month for each preceding half month period.
>
> 3. When you shall have paid me a total of Five Thousand Dollars in rentals as above designated, the rent shall be reduced to $1.00 per year which shall cover ground rental for the mill and rights of way.
>
> 4. You are to so operate your sawmill business that no liens for labor or claims of any kind shall be filed against said mill, to adjust all disputes affecting said mill, and to keep all employees covered by workmen's compensation insurance.
>
> 5. You are to commence operating said mill as soon as labor and weather conditions permit, and to continue operating said mill in a workmanlike manner. In the event you find operating the mill unprofitable you have the privilege of turning the mill back to me, without penalty, provided the mill is returned in as good condition as when received by you.
>
> 6. Should you be unable or fail to operate said mill for a period of thirty days, you are then to pay me the sum of $25.00 per month after said thirty day period, as rent for said mill, said rent to apply on said $1.50 per M. rental for sawing.
>
> Yours very truly,
>
> H. A. REYNOLDS
>
> Accepted:
> M. L. Dos REIS
> D. J. JORDAN"

Under the same date Reynolds addressed the following letter to appellants:

> "Willits, California
> September 15th, 1944.

Messrs. M. L. Dos Reis and D. J. Jordan,
(Co-partners operating Outlet Planing Mill)
Longvale, California

Gentlemen:

This letter will authorize you to salvage for your own account any and all parts of the sawmill located on Wheelbarrow Ranch approximately 8 miles northeast of Willits, Mendocino County, California, at any time after you have paid to me a total rent of $5,000.00 under rental agreement made this date.

Should you desire to so salvage said mill before all the timber on said Wheelbarrow Ranch has been logged off, Mr. Allenthorp as owner of said ranch is to have two weeks to meet the best offer you have obtained as salvage price.

> Yours very truly,
> H. A. REYNOLDS"

■ We find no merit in appellants' contention that the agreement, as evidenced by the foregoing writings, constituted a lease and not a sale. There can be no question but that the agreement is ambiguous, and since the determination of the trial court that it was a sale is reasonable and supported by the evidence, this court will not interfere. (See *Nuland* v. *Pruyn*, *(Cal.App.) 216 P.2d 526.)

■ However, there is merit to appellants' contention that even if the agreement be construed as one of sale, Reynolds could not repossess since the agreement did not expressly provide for a forfeiture and time was not made of the essence. It is further argued that in any event Reynolds waived such right by the acceptance of late payments. While the court found that the agreement was one of sale there are no findings as to the terms and provisions of such contract of sale, other than payment, which supports a forfeiture of the sums expended by appellants. Thus, the findings are silent as to whether or not the agreement, as one of its terms, provided for a forfeiture of the buyers' interest or made time of the essence. There is no finding as to whether or not the sums

---

*A rehearing was granted on May 4, 1950.

expended by appellants constituted improvements and if so, to what extent. While the law permits the buyers' interest to be forfeited under certain circumstances, it is sufficient to note that in the absence of a provision in the contract making time of the essence the mere failure to pay in accordance with the terms of the agreement is not ground for forfeiture. (25 Cal. Jur. 608.)

Since by reason of the foregoing the judgment must be reversed it becomes unnecessary to discuss the remaining contentions raised by appellants.

The judgment is reversed, the purported appeal from the order denying appellant's motion for a new trial is dismissed, and the cause is remanded for further proceedings in accordance with the views expressed herein.

Adams, P. J., concurred.

A petition for a rehearing was denied May 26, 1950.