[Civ. No. 7988.   Third Dist.   Dec. 7, 1951.]

D. J. JORDAN et al., Appellants, v. H. A. REYNOLDS et al., Respondents.

Preston & Falk for Appellants.

Spurr & Brunner and John Lawrence for Respondents.

PEEK, J.—This is the second appeal in a controversy concerning a sawmill located in Mendocino County. In the first appeal (97 Cal.App.2d 194 [217 P.2d 66]) this court reversed a judgment in favor of defendants, the action being for damages for eviction from the sawmill and for conversion of logs, and remanded the cause for further proceedings. We upheld the finding of the trial court that the agreement between the parties was one for the conditional sale of the sawmill by respondent Reynolds to appellants, but we held that the findings as a whole were inconclusive on the question of whether Reynolds was entitled to repossess the sawmill.

Upon the cause being remanded the parties stipulated that the matter could be resubmitted to the trial court upon the evidence theretofore taken. No additional evidence was offered by either party. The trial court again rendered judgment for defendants upon findings that the parties entered into certain agreements (see *Jordan* v. *Reynolds, supra,* p. 196) under which it was agreed that appellants could remove the sawmill from the land where it stood any time after payment to Reynolds of $5,000; that appellants agreed to treat the sawmill as personal property, and that said agreements constituted a conditional sale of said personal property; that appellants agreed to pay Reynolds at the rate of $1.50 per thousand board feet of lumber cut by the mill in a period not to exceed five years; that appellants agreed to commence operating the mill and to operate it continuously in a workmanlike manner at its full rate of productivity except when prevented by bad weather, and if so prevented by bad weather for a period of 30 days to make a minimum payment of $25 per month during such period of idleness; that the following obligations of appellants were conditions precedent to respondents' obligation to permit them to occupy the said premises; that time was of the essence of the said contract; that appellants entered into possession of the mill in October, 1944, and thereafter operated it for approximately three weeks; that after December, 1944, the mill was not operated by plaintiffs or for their account in a continuous, profitable or workmanlike manner, and was idle for substantially the entire period between December, 1944, and September, 1945; that on September 2, 1945, Reynolds served notice on appellants that their rights in the sawmill would terminate in 30 days; that on October 25, Reynolds peaceably took possession of the sawmill, it previously having been abandoned by appellants,

and thereafter sold it for $4,000; that appellants' activities in connection with the operation of the sawmill were not substantial compliance with the contract, and appellants were in substantial, unexcused and wilful breach thereof; that from the date of said contract appellants have paid Reynolds only $312.23, and tendered an additional $175, which tender was refused by Reynolds; that appellants have never tendered adequate compensation for their breaches of the contract or offered to perform; that respondents fully performed all their duties and obligations under the contract; that the $7,000 expended by plaintiffs in making changes in the sawmill were detrimental thereto and the market value of the sawmill was reduced by reason of said changes; that appellants suffered no loss by reason of Reynolds' repossession of the mill; that 256,685 feet of logs owned by appellants, and situated on the sawmill premises were abandoned by them, and were not converted by respondents, and that at the time of the alleged conversion were deteriorated in quality, unmarketable, and of no value.

Appellants' principal contention is that Reynolds' repossession of the sawmill was wrongful because the contract did not expressly provide that time was of the essence, nor did it provide for forfeiture. Appellants assert that even if the contract were breached by them, Reynolds was not entitled to repossess. In view of the findings now before us such contention is without merit.

To clarify the question of what constituted the appellants' breach it should be noted that the within agreements were to a certain extent ambiguous, and we so held in the prior appeal. One paragraph of the agreement required appellants to commence operating the mill as soon as labor and weather conditions permitted and to continue operating in a workmanlike manner. A later paragraph provided that if appellants failed or were unable to operate said mill for a period of 30 days, they were to pay Reynolds $25 per month. Testimony was admitted relating to the surrounding circumstances, that is, the fact that the appellants were to take possession of the mill with the winter near at hand and the likelihood of adverse weather preventing operation of the mill, and the negotiations between the parties as to the $25 a month payment.

Considering the record as a whole, the court's finding that under the agreement appellants were obligated to operate the mill continuously except when prevented by bad weather is supported by substantial evidence and will not be disturbed

on appeal. Neither can there now be any question but that appellants were in substantial default of this obligation, and their tenders of payments of $25 a month were not tenders of adequate compensation for this breach.

It is in the light of these findings, then, that we must determine whether appellants were entitled to damages on account of Reynolds' repossession of the mill. ■ Since the trial court found that appellants and respondents had agreed to treat the sawmill as personal property as between the parties the character of the sawmill was established as personalty. (*R. Barcroft & Sons Co.* v. *Cullen,* 217 Cal. 708, 712 [20 P.2d 665].) ■ It is well established that upon the buyer's default under a conditional sales contract the seller has the right to retake the property even in the absence of an express provision for repossession. (*Goldberg* v. *List,* 11 Cal.2d 389, 393 [79 P.2d 1087, 116 A.L.R. 900]; *Liver* v. *Mills,* 155 Cal. 459 [101 P. 299]; *Rogers Lamb Co.* v. *Coast Securities Co.,* 58 Cal.App. 744 [209 P. 246].) ■ While it is true that after a retaking by the seller, where the default was a failure to make a money payment, the buyer is entitled to possession upon making a tender of the price within a reasonable time, where the contract has not expressly made time of the essence (*Miller* v. *Steen,* 30 Cal. 402, 403 [89 Am.Dec. 124]); still where the buyer has repudiated the contract or has failed to tender adequate compensation for the default, the buyer's rights in the property are thereby terminated. (*Liver* v. *Mills, supra,* p. 463; see, also, *McConnell* v. *Redd,* 86 Cal.App. 785, 790 [261 P. 506].)

In the present case not only were appellant buyers in substantial default at the time of Reynolds' repossession but since that time they have not tendered adequate compensation for their default, or admitted that respondents are entitled to such compensation. Hence, under the principles above stated, appellants are entitled neither to repossession of the mill nor to damages for the conversion thereof, and it is immaterial whether or not the contract expressly made time of the essence or provided for a forfeiture. The case of *Forgay* v. *Plum,* 99 Cal.App. 524 [279 P. 177], relied upon by appellants, is clearly distinguishable because there the buyers, following the sellers' filing suit for repossession, made a tender of the payments due under the contract.

■ Appellants' claim for damages for conversion of the logs is effectively refuted by the trial court's findings that

the logs had been abandoned by appellants and were worthless at the time of the alleged conversion, which findings are supported by substantial evidence.

The judgment is affirmed.

Van Dyke, J., and Schottky, J. pro tem., concurred.