SWAIN, Acting P. J.
I dissent. There seems to no doubt that in California one who, though honestly and in good faith, purchases personal property from one who has no right to sell it is guilty of conversion (Harpending v. Meyer (1880), 55 Cal. 555). The case of First Nat. Bank v. Thompson (1943), 60 Cal.App.2d 79 [140 P.2d 75], relied on in the majority opinion, is claim and delivery, not conversion.
However, the majority opinion does not fully discuss the effect of the return by respondent of the machines to Gould, *Supp. 864 the conditional sales vendee who without authority sold the machines to appellant. Volume 89, Corpus Juris Secundum 552: “One is not liable in trover for redelivering a chattel to the person from whom he received it, notwithstanding he knew that such person’s possession was wrongful.”
The effect of a return of the goods by an innocent purchaser is the subject of comment by the Supreme Court which, though obiter, is well worth considering. (Rogers v. Huie (1852), 2 Cal. 571, 574 [56 Am.Dec. 363] : “Now suppose after the sale by the auctioneer, the vendee had refused to take the goods, and returned them to the auctioneer, and he to his principal, would the liability of the auctioneer be insisted on 1 I put it thus strongly to show, that such proposition would shock our common sense of justice.” The principal holding in that case, that an auctioneer was not guilty of conversion who, in good faith, received and sold stolen stock certificates, was reversed in Swim v. Wilson (1891), 90 Cal. 126 [27 P. 33, 25 Am.St.Rep. 110, 13 L.R.A. 605]. No question was there raised of the defense that the property was returned. There is also the rule that return of the goods mitigates damages despite the harsh California rule of liability of an innocent receiver of the property. In Goldberg v. List (1938), 11 Cal.2d 389 [79 P.2d 1087, 116 A.L.R. 900], our Supreme Court held that delivery of converted goods to an owner whose title was paramount to that of the plaintiff (the conditional sales vendee) mitigated the damages claimed. Volume 53, American Jurisprudence 908: “Although there is some authority to the contrary, the repossession of converted property by a third person who has an interest in the property is generally regarded as properly considered in mitigation of damages recoverable for the conversion. This is true not only where the third person seizes the property, or replevies the same, but also where the property is delivered to the third person upon a demand which is legally enforceable.”—citing Goldberg v. List, supra, 11 Cal.2d 389; also reported in 116 A.L.R. 900.
Respondent’s return of the machines to Gould placed the plaintiff in intervention in exactly the same position it held prior to the unlawful sale by Gould. The plaintiff in intervention suffered no damage by that sale and resale. I would affirm the judgment.