[Civ. No. 1301.   Second Appellate District.—May 16, 1913.]

## A. H. DAVIS, Respondent, v. THE NATIONAL LUMBER COMPANY (a Corporation), Appellant.

BAILMENT—LIABILITY OF LUMBER COMPANY FOR LOSS OF TEAM STABLED ON ITS PREMISES.—Where the owner of a team, who is hauling for a lumber company, secures the permission of the company to stable the team on its premises without charge, he having the care and responsibility of the animals, the lumber company is not liable to him for their loss, upon the destruction of the premises by fire.

ID.—LIABILITY OF OWNER OF CORRAL FOR INJURY TO ANIMALS PLACED THEREIN.—Where the owner of mules places them in a corral with other animals, the owner of the corral, if he receives no compensation therefor, is liable for injuries to the mules from other stock only in case of gross negligence.

APPEAL from an order of the Superior Court of Los Angeles County refusing a new trial. Franklin J. Cole, Judge presiding.

The facts are stated in the opinion of the court.

R. L. Horton, for Appellant.

Charles S. McKelvey, for Respondent.

SHAW, J.—Action to recover the value of two horses and one mule alleged to have been delivered by plaintiff to defendant as bailee. Plaintiff had judgment for the value of the mule. The appeal is from an order denying defendant's motion for a new trial.

The court found that plaintiff delivered to defendant, for its use and benefit, the two horses and mule upon agreement that defendant would care for the same and return them to plaintiff on demand; that plaintiff made such demand and defendant neglected and failed to comply therewith for the reason that the two horses were, without defendant's fault or negligence, lost in a fire which destroyed its stables wherein they were housed; that the mule was not delivered for the reason that, by direction of the defendant, it, with another mule owned by plaintiff, was by him placed in an unsafe corral with other stock, and while there it was kicked by one of defendant's horses, as a result of which it died.

There is no evidence whatever showing that defendant agreed to care for the stock, or even that it had charge of them. On the contrary, the uncontradicted evidence is that plaintiff, who owned the team of horses and two mules, was engaged in hauling for defendant. Having trouble in keeping them where he lived, he arranged for stabling and caring for the same upon defendant's premises. Plaintiff states that it was agreed that defendant "would make no charge for the use of the stable, and, besides my wages, I was to have a dollar a day for the use of one team. I was to take care of my own stock except the feeding; that is, I curried my own stock and watered them and otherwise attended to them, and drove my own stock. . . . My stock had the same attention as the other stock; there was no difference." According to the testimony

offered on behalf of defendant, plaintiff when given the privilege of the use of defendant's premises was told that, while no charge would be made for such use, "he would have to take the responsibility of the safety of his stock upon himself." It is unnecessary to quote other testimony to the same effect. It thus appears that the evidence is not only insufficient to show the existence of the contract as found by the court, but that it does show a special contract between plaintiff and defendant whereby it was understood that the latter should charge nothing for the premises which it permitted plaintiff to use and incur no liability for damages in case of loss. (*Fay v. Steamer New World,* 1 Cal. 348.)

Neither is there any evidence in support of the finding that the injury to the mule was due to the fact that it was kicked by one of defendant's horses, or that it was kicked at all. The only evidence upon that point was that given by plaintiff, who says: "I don't know what horse kicked my mule, or whether the other mule, which belonged to me and which was in the corral at the time, kicked my mule. I have no knowledge at all upon that because I was not present when the mule was kicked. I do not know whether it was a kick, except that the impression looked to me like the indentation of a calk from the shoe of a horse or a mule." It clearly appears that plaintiff had the care and charge of his own stock. If the corral was unsafe, it was his privilege to place them elsewhere. In the absence of any obligation to do so, he voluntarily placed the mules in the corral with other stock owned by defendant. Assuming that the facts are sufficient to show that defendant was a bailee charged with the care of the stock, such service was without reward, and under section 1846 of the Civil Code, only slight care for the preservation of the thing deposited was required. (*Whitney* v. *Lee,* 8 Met. (Mass.) 91.) At most, defendant could not be held liable for damages unless the same resulted from gross negligence on its part. The record discloses no evidence of such negligence. (9 Am. & Eng. Ency. of Law, p. 287.)

For the reasons given, the order denying the motion must be reversed, and it is so ordered.

Allen, P. J., and James, J., concurred.