[Civ. No. 11796.   First Dist., Div. Two.   Feb. 11, 1942.]

JOHN PEARL et al., Respondents, v. L. FIGONI, Appellant.

F. E. Hoffmann and Raymond J. Daba for Appellant.

Jerome L. Schiller and Samuel G. Holcenberg for Respondents.

DOOLING, J. pro tem.—This is an appeal from a judgment for the conversion of personal property.   Respondents Pearl rented a house from appellant Figoni.   When two months in default in their rent and on February 4, 1939, Mrs. Pearl with a Mr. Metcalfe and a moving van with three movers went to the rented house to remove the furnishings and furniture belonging to the respondents Pearl.   There they met appellant Figoni who was later joined by a son and four or five others.   Several hours were spent in an effort to remove the personal property from the house, during which time Figoni repeatedly made such statements as: "No, don't move anything because you still owe me rent"; "You cannot do it"; "They owe me the money and you cannot touch anything"; "You cannot move"; "No, you can not take a thing"; "No, don't take a thing"; "Not one stick of fur-

niture goes out of here, and if it does, I call the law.'' When asked by one of the movers if they might not take everything except a gas stove, refrigerator and washing machine which should be ample to secure the payment of the rent due Figoni said: ''No dice, it is all or nothing.''

Mrs. Pearl began to cry and Figoni told her that if she gave him the key to the house he would allow her to take some bedclothing and personal belongings otherwise she would not be allowed to take anything. Under pressure of this position Mrs. Pearl gave the key to Figoni, removed the personal effects that Figoni permitted and left everything else in the house. Before leaving she gave her address to Figoni.

Thereafter Figoni brought an action for unlawful detainer, got a summary writ of possession under section 1166a of the Code of Civil Procedure without notice to respondents and ultimately sold part of the contents of the house, gave some of them away and threw the balance on the city dump. While letters were addressed to respondents advising them that they could have their property upon paying accrued charges none was directed to the address given by Mrs. Pearl to Figoni and none was ever received by respondents. Many of the recited facts were contradicted by appellant and his witnesses but we assume as proved those most favorable to respondents as we are bound to do on appeal.

. The case is controlled by *Gruber* v. *Pacific States Savings & Loan Co.*, 13 Cal. (2d) 144 [88 Pac. (2d) 137], which is not distinguishable on its facts. In that case the court said at page 147:

''The defendant's refusal in the instant case to permit the plaintiff to have access to his equipment or to remove the same while an arrearage in rent existed constituted an improper and wrongful exercise of dominion over the plaintiff's property in violation of his rights as owner and, as shall presently be shown, amounted to a conversion rendering defendant liable for whatever damage resulted therefrom—here, the market value of such equipment all of which, as indicated, was ultimately lost to the plaintiff.''

Appellant cites two cases from other jurisdictions which he claims announce a contrary rule. Even if this is true we are, of course, bound by the cited decision of our own Supreme Court.

It follows that a conversion occurred on February 4, 1939,

and what subsequently took place is only material on the question of damages, here the market value of the property all of which, as in the Gruber case, was ultimately lost to the plaintiffs.

Judgment affirmed.

Nourse, P. J., and Sturtevant, J., concurred.