[Civ. No. 12418. First Dist., Div. One. Aug. 2, 1943.]

FIRST NATIONAL BANK IN RICHMOND (a National Banking Association), Appellant, v. IRA THOMPSON et al., Respondents.

Charles Kasch for Appellant.

Preston & Gibson for Respondents.

WARD, J.—This is an action in claim and delivery to recover possession of a Speeder gas shovel, or a judgment for its value, together with damages for its detention by defendants.

The facts are undisputed. On September 13, 1934, plaintiff, the owner of the shovel, entered into a conditional sales contract with E. H. Higgins for its sale for the amount of $1,000. Twenty-five dollars was paid on the execution of the contract, and the balance was to be paid in monthly installments, with interest on balances at the rate of 6% per annum. The contract gave the seller the option, upon default, to declare all unpaid sums immediately due with the right to sue therefor, or to retake possession of the equipment and credit the purchaser with the reasonable value thereof, or resell it, and in either event, to recover any deficiency. Notwithstanding Higgins paid only the initial payment of $25, and on November 4, 1937, the sum of $77.64 as interest, plaintiff

allowed the shovel to remain in his possession, and he used it in construction work in which he was engaged. When the equipment had been badly wrecked Higgins placed it in his storage lot, located about two blocks from plaintiff's establishment, where it remained for a period of more than two years, during which time the bank endeavored to find a purchaser at a price of $300. At the same time it gave Higgins "verbal authority to sell the equipment on approval of the bank of any deal that was made." In July, 1938, Higgins, representing himself to be the owner, offered to sell the equipment to defendants for the sum of $400. He advised the bank that "he had a friend up on the coast that might desire to take this machine up there and repair it and use it in digging a drainage ditch across his place, and he would do that repair work for the use of the machine." Incidentally, no evidence was offered to prove that this "friend up on the coast" was either of the defendants. The bank, relying upon such representation, agreed to the arrangement, and on July 28, 1938, defendants paid Higgins the $400 and received delivery of the equipment, which they removed to their ranch, repaired at an expense of approximately $600 and have ever since used in their work. They at all times continued to believe Higgins to be the owner of the equipment. Appellant states that at no time did it suspect that the transaction with the "friend up on the coast" was other than a "use-repair" job as had been represented; that from time to time its representative attempted to learn from Higgins and his son the name and location of the party in possession of the shovel, but that they evaded him in various ways and the information was never furnished. Finally, it became necessary for the bank to take over all the equipment that Higgins had under conditional sale, and Higgins disappeared. Shortly thereafter, the bank, having a prospective purchaser for the shovel, located it in the possession of respondents, upon whom, on November 22, 1941, it served a demand in writing for its possession. Delivery was refused and this action was filed on January 7, 1942. The value of the equipment at the date of the trial was stipulated to be the sum of $350.

The court held that plaintiff's cause of action was barred by subdivision 3 of section 338, Code of Civil Procedure, the complaint having been filed on January 7, 1942, more than three years after July 28, 1938, the date of the purported sale by Higgins to respondents; also, that the plaintiff was

estopped to set up its title as against defendants. Judgment followed in defendants' favor and plaintiff appeals.

Appellant points out in its argument that Higgins was given verbal authority to sell the shovel only "on approval of the bank of any deal that was made"; that the bank's consent to his transfer of possession to respondents was upon his statement that the transaction represented "a use-repair job"; that Higgins sold not only without appellant's approval, but without its knowledge; that appellant is not presumed to have waived facts of the existence of which it was unaware, and, finally, that in any event no cause of action arose until demand was made on November 22, 1941, which fixes the date from which the statute commenced to run.

An action to recover personal property, or for the taking, detaining or injuring of such property must be commenced within three years. (Code Civ. Proc., sec. 338.) Appellant's demand on respondents for the return of the shovel was made, and this action filed, more than three years after the transfer from the conditional vendee to respondents.

According to the agreement the conditional vendee had no authority to sell without appellant's consent. To sell surreptitiously was a breach of that agreement. The sale constituted a representation that he was transferring an absolute title, and a cause of action against the transferee of the property immediately arose, their claim being hostile to that of appellant. The latter made no demand for payments of installments due, and respondents did not pay or offer to pay such installments. The facts prove a conversion by respondents though innocent purchasers of the property. (24 Cal. Jur. 1028, sec. 6; 6 Cal.Jur. 525.) The court found that "said shovel is not wrongfully detained by said defendants or either of them" and the evidence shows that the taking by Higgins was wrongful from the outset. In California under such circumstances no demand was legally necessary as a prerequisite to the accrual of the cause of action. (*Coy* v. *E. F. Hutton & Co.*, 44 Cal.App.2d 386 [112 P.2d 639]; 141 A.L.R. 375.) Appellant consented to the use, not the sale, of the shovel. It may be mentioned that while the sale was surreptitious on the part of Higgins, respondents removed and retained the shovel openly and notoriously. The tortious act of Higgins, who is not a party to this action, and the acts of respondents, constitute a conversion of appellant's property. (*Harpending* v. *Meyer*, 55 Cal. 555; *San Francisco Credit C. House* v.

*Wells*, 196 Cal. 701 [239 P. 319]; *Reed* v. *Molony*, 38 Cal. App.2d 405 [101 P.2d 175].) ■ The fact that the appellant had no knowledge of its cause of action does not toll the statute of limitations where there has been an actual conversion. (*Coy* v. *E. F. Hutton & Co., supra; Byer* v. *Canadian Bank of Commerce*, 8 Cal.2d 297 [65 P.2d 67]; *Rose* v. *Dunk-Harbison Co.*, 7 Cal.App.2d 502 [46 P.2d 242].)

The finding and conclusion that the action is barred by the statute of limitations. (Code Civ. Proc., sec. 338, subd. 3) must be upheld. This conclusion eliminates the necessity for considering respondents' contention that appellant was estopped to maintain the action.

The judgment is affirmed.

Peters, P. J., and Knight, J., concurred.