[Civ. No. 15002.   First Dist., Div. Two.   Nov. 26, 1952.]

MAX E. PRICE et al., Plaintiffs and Appellants, v. MIKE HOVSEPIAN, Defendant and Appellant.

Pinney & Smith, W. M. Pinney, Jr., and Guernsey Carson for Plaintiffs and Appellants.

William Steinberg for Defendant and Appellant.

DOOLING, J.—Plaintiffs, who are husband and wife, sued in a single cause of action for unlawful eviction and conversion of certain personal property. The court, sitting without a jury, found that plaintiffs had been wrongfully evicted and awarded them as damages therefor $892.50. The court also found that there had been no conversion of their personal property. Plaintiffs and defendant have both appealed from the judgment.

On defendant's appeal he raises the question that Mrs. Price was not a party to the action. The action was commenced by her husband as her guardian ad litem at a time when Mrs. Price was in fact over 18 years of age and, being married, was an adult under section 25, Civil Code. Before the trial she was ordered substituted as a party in her own right. It does not appear that defendant made any objection to the substitution or how he has been in any manner adversely affected by what at the most was a mere procedural error in the original appointment of a guardian ad litem which was later corrected by substituting Mrs. Price as a party plaintiff in her own name.

The premises rented by plaintiffs from defendant are claimed to have constituted a furnished apartment and defendant argues that under section 1861a, Civil Code, "if rent is not paid for the accommodations, the owner of the accommodations can dispossess and evict the tenant or guest without liability." However interesting this contention may be as an abstract question of law it has no application to the facts as proved and found by the court. The complaint alleged and the court found that on or about April 22d, 1948, the plaintiffs and defendant entered into an oral agreement to rent plaintiffs a certain apartment at $40 per month, that $10

was immediately paid, that it was further agreed that the additional $30 for the first month's rental should be paid on May 1, 1948, and that the eviction occurred on or about April 28, 1948. These findings are supported by plaintiff husband's testimony and, although contradicted by defendant's testimony, are conclusive that no rent was due and unpaid at the time of the eviction.

The sole claim of plaintiffs on their appeal is that the court erred in finding that there was no conversion of their personal property. The only answer to this contention made by defendant is that under section 1861a, Civil Code, defendant had a lien on the personal property for unpaid rent. (*Van Dorn* v. *Couch,* 21 Cal.App.2d Supp. 749 [64 P.2d 1197].) Since the·court found that at the time of the eviction no rent was due the major premise fails.

Despite defendant's failure to argue the question of the insufficiency of the evidence to support the finding of no conversion, and the admission implicit in the sole argument made by him on this point that if defendant had no lien he did wrongfully detain plaintiffs' property, we have examined the evidence and find no logical support therein for the court's finding that there was no conversion.

The plaintiff husband testified and the court found that the eviction occurred by defendant's locking plaintiffs out of the apartment. If he locked plaintiffs out as expressly found by the court he locked their personal property in, because all the testimony shows that this property was inside the apartment. The denial of access to their property in this fashion constituted a conversion. (*Gruber* v. *Pacific States Savings & Loan Co.,* 13 Cal.2d 144 [88 P.2d 137]; *Pearl* v. *Figoni,* 49 Cal.App.2d 662 [122 P.2d 385].)

Defendant's version was that he did not lock plaintiffs out, but that they voluntarily left and never came back after he demanded that they pay the rent, which he testified was then due.

''I tell this gentleman upstairs, I say, 'Please bring me my rent and move out of this place.' And he never come back . . . and even he got his own lock on the door, and after three or four months I break that lock and open that closet . . .

''Q. Did you ever ask Mr. Price to take his stuff out of there?

''A. I told them take it and go, but he no come back.''

While it is true that courts may ordinarily disbelieve a part of a witness' testimony and believe other parts, the testi-

mony "I told them take it and go, but he no come back," is so obviously an integral part of defendant's testimony that he did not lock plaintiffs out but that they left voluntarily when he demanded the rent that a finding based on it cannot stand in the face of the court's explicit finding that defendant "locked out plaintiffs."

To reconcile its finding of no conversion with its finding that defendant locked plaintiffs out would require a finding that defendant offered plaintiffs a limited access to the locked apartment for the purpose of removing their personal property. There is simply no evidence to support such a finding.

It is true that defendant did testify that at a later time he telephoned plaintiff husband's mother and father and asked them to have plaintiffs come and remove their property, but even if this evidence was believed the conversion was complete at the time of locking plaintiffs out of the apartment and, being wrongful from the beginning, this offer came too late even to mitigate the damages. (Civ. Code, §§ 3336, 3337; 1 Restatement of Torts, § 247.)

Plaintiffs ask us to make a finding of conversion and award damages therefor. We are not in a position to evaluate the testimony of the value and extent of the personal property converted and consider it proper to remand the entire issue to the superior court for a retrial.

The portion of the judgment awarding damages for eviction is affirmed. Insofar as the judgment fails to award damages for conversion it is reversed. Plaintiffs are allowed their costs on appeal.

Goodell, J., concurred.