142 Cal.App.2d Supp. 859 (1956)
C. A. CULP et al., Respondents,
v.
SIGNAL VAN AND STORAGE et al., Defendants; MINTHORNE MUSIC COMPANY, Intervener and Appellant.
California Court of Appeals. 
May 23, 1956.
 Zimmerman, Kelly & Thody for Intervener and Appellant.
 Edward H. Blixt for Respondents.
 PATROSSO, J.
 The facts giving rise to this controversy are without dispute in material particulars and may be briefly stated.
 Minthorne Music Company, hereinafter referred to as appellant, being the owner of two musical devices, commonly known as juke boxes, sold and delivered the same to one Gould under the terms of a conditional sales contract, whereunder appellant retained title thereto until the full payment of the purchase price, and wherein Gould expressly agreed not to sell or permit the same to come into the possession of any other person without the written consent of the vendor. Thereafter Gould, being in default under his contract with appellant and without the latter's knowledge or consent sold the juke boxes to plaintiff, Sierra Distributors, hereinafter referred to as respondent, who paid Gould therefor the sum of $1,019. Some time later, respondent sold and delivered the juke boxes and another device, with which we are not here concerned, to Gould under a conditional sales contract, by the terms of which respondent expressly reserved title to the goods until the full payment of the purchase price. Gould having defaulted under the terms of the latter contract, respondent instituted this action in claim and delivery against various defendants including Gould but not including appellant to recover possession of the juke boxes in question together with other items of personal property, in the complaint in which action respondent alleged that it was the owner and entitled to the possession of said juke boxes and other personal property therein described. Thereafter with leave of court, appellant filed a complaint in intervention against respondent and others for the conversion of said juke boxes and seeking damages therefor. To this complaint respondent filed an answer denying that appellant was the owner or entitled to the possession of the juke boxes, and denying that respondent had converted the same.
 The case went to trial upon appellant's complaint in intervention and respondent's answer thereto; and at the conclusion [142 Cal.App.2d Supp. 861] of the trial the court found that the appellant was the owner and entitled to the possession of the juke boxes, and that the same were of the reasonable value of $1,100, but concluded that respondent was not guilty of conversion of the same and thereupon ordered judgment for the respondent, from which this appeal is taken.
 Having expressly found in accordance with the undisputed evidence as recited above that appellant was the owner of the juke boxes in question at the time its conditional vendee Gould sold the same to respondent and the latter resold them to Gould under a conditional sales contract reserving title in respondent, the trial court erred in concluding that respondent was not guilty of conversion. [1] One who, though honestly and in good faith, purchases personal property from one having no title thereto or right to sell the same is guilty of conversion. (First Nat. Bank v. Thompson (1943), 60 Cal.App.2d 79, 82 [140 P.2d 75]; Swim v. Wilson (1891), 90 Cal. 126, 129- 131 [27 P. 33, 25 Am.St.Rep. 110, 13 L.R.A. 605], overruling Rogers v. Huie (1852), 2 Cal. 571 [56 Am.Dec. 363].) This is also the rule of the Restatement (Torts, 223 (d), 229) and that prevailing in the great majority of jurisdictions. (53 Am.Jur., p. 832, 36.) [2] And in such situation a cause of action for conversion accrues and the statute of limitations thereon commences to run at the time of the unauthorized sale of the property. (Harpending v. Meyer (1880), 55 Cal. 555, 561; First Nat. Bank v. Thompson, supra, 60 Cal.App.2d 79, 82.)
 [3] Respondent argues that it was not guilty of conversion because it, in effect, but returned the juke boxes to Gould from whom it purchased and took possession thereof. This argument would, however, appear to be conclusively answered by the authorities hereinbefore cited to the effect that one who purchases personal property from another having no title thereto is guilty of conversion as against the true owner. (See also Price v. Hovsepian (1952), 114 Cal.App.2d 385, 388 [250 P.2d 252].) Moreover, this is not a case where respondent returned the property to Gould free of any claim thereto as respondent's argument would imply. On the contrary, the "return" of the property to Gould (if such it may be called) was pursuant to a contract of sale whereunder respondent as owner thereof agreed to sell the property to Gould and retain title thereto until the payment of the purchase price. Moreover respondent instituted this action to [142 Cal.App.2d Supp. 862] recover possession of the property in question upon the assertion and under the claim that it was the owner and entitled to the possession thereof as against its vendee, Gould, and in addition, when confronted by appellant's claim of ownership thereto in its complaint in intervention herein, undertook to deny that appellant was the owner or entitled to the possession thereof. [4] "An act may be a conversion because it is accompanied by a wrongful assertion of ownership, or a wrongful denial of the plaintiff's ownership." (53 Am.Jur., p. 821, 25.) [5] "Conversion is any act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein." (Emphasis added.) (Igauye v. Howard (1952), 114 Cal.App.2d 122, 126 [249 P.2d 558].) [6] "... (N)either good nor bad faith, neither care nor negligence, neither knowledge nor ignorance, is of the gist of the action." (24 Cal.Jur., p. 1023.) It may not be doubted that the conduct of respondent as hereinbefore detailed, however honestly and in good faith it may have acted, constituted a denial of and was inconsistent with appellant's rights in and to the property in question. We are not unmindful of the fact that circumstances may exist where one coming into possession of personalty who redelivers the same to the person from whom he received it without knowledge of the fact that he is not the true owner would not thereby necessarily be guilty of conversion. Such would be the case of a bailee who redelivers to his bailor property entrusted to him by the latter upon his demand therefor and without knowledge that some other person is the owner thereof; for in such circumstances it might not be said that the receipt of the goods or redelivery thereof were in denial of or inconsistent with the true owner's rights in the property. Even in such a situation, however, a bailee, if he would avoid liability to the true owner, must restore the property to the bailor without the assertion of any title thereto in himself. This is clearly pointed out by our Supreme Court in Steele v. Marsicano (1894), 102 Cal. 666, where at page 669 [36 P. 920] it is said:
 "In order to charge the defendant with the conversion of the plaintiff's goods he must be shown to have done some act implying the exercise or assumption of title, or of a dominion over the goods, or some act inconsistent with the plaintiff's right of ownership, or in repudiation of such right. A simple act of intermeddling with another's property, which does not imply any assertion of title or dominion over the property, [142 Cal.App.2d Supp. 863] and which is done in ignorance of the owner's claim thereto, and without any intention to deprive him of it, will not constitute a conversion. If I find a horse in my lot I am not guilty of its conversion if I turn it into the highway, nor is the warehouseman who receives goods from a wrongdoer and afterwards redelivers them to him in ignorance of the claim of another, guilty of their conversion. Conversion is a tort, and to establish it there must be a tortious act. 'If a bailee have the temporary possession, of property holding the same as the property of the bailor, and asserting no title in himself, and in good faith in fulfillment of the terms of the bailment, either as expressed by the parties or implied by law, restores the property to the bailor before he is notified that the true owner will look to him for it, no action will lie against him, for he has only done what was his duty.' (Nelson v. Iverson, 17 Ala. 216. See also Burditt v. Hunt, 25 Me. 422 [43 Am.Dec. 289].)" (Emphasis added.)
 Here respondent undertook to deal with the property as its own, and this is no less a conversion because in so doing it later resold it to the one from whom respondent had previously purchased it.
 The judgment is reversed with directions to the trial court to amend its findings by striking finding II and substituting in lieu thereof the following: "The allegations of paragraph IX of the amended complaint in intervention of plaintiff Minthorne Music Company are true" and to amend its conclusion of law to read as follows: "Plaintiff in intervention Minthorne Music Company, is entitled to judgment against defendants C. A. Culp and Wayne Copeland doing business as Sierra Distributors, a co-partnership, in the sum of $1100.00 with interest from December 18, 1954, and for costs of suit," and thereupon enter judgment accordingly.
 Kauffman, J., concurred.
 SWAIN, Acting P. J.
 I dissent. There seems to no doubt that in California one who, though honestly and in good faith, purchases personal property from one who has no right to sell it is guilty of conversion (Harpending v. Meyer (1880), 55 Cal. 555). The case of First Nat. Bank v. Thompson (1943), 60 Cal.App.2d 79 [140 P.2d 75], relied on in the majority opinion, is claim and delivery, not conversion.
 However, the majority opinion does not fully discuss the effect of the return by respondent of the machines to Gould, [142 Cal.App.2d Supp. 864] the conditional sales vendee who without authority sold the machines to appellant. Volume 89, Corpus Juris Secundum 552: "One is not liable in trover for redelivering a chattel to the person from whom he received it, notwithstanding he knew that such person's possession was wrongful."
 The effect of a return of the goods by an innocent purchaser is the subject of comment by the Supreme Court which, though obiter, is well worth considering. (Rogers v. Huie (1852), 2 Cal. 571, 574 [56 Am.Dec. 363]: "Now suppose after the sale by the auctioneer, the vendee had refused to take the goods, and returned them to the auctioneer, and he to his principal, would the liability of the auctioneer be insisted on? I put it thus strongly to show, that such proposition would shock our common sense of justice." The principal holding in that case, that an auctioneer was not guilty of conversion who, in good faith, received and sold stolen stock certificates, was reversed in Swim v. Wilson (1891), 90 Cal. 126 [27 P. 33, 25 Am.St.Rep. 110, 13 L.R.A. 605]. No question was there raised of the defense that the property was returned. There is also the rule that return of the goods mitigates damages despite the harsh California rule of liability of an innocent receiver of the property. In Goldberg v. List (1938), 11 Cal.2d 389 [79 P.2d 1087, 116 A.L.R. 900], our Supreme Court held that delivery of converted goods to an owner whose title was paramount to that of the plaintiff (the conditional sales vendee) mitigated the damages claimed. Volume 53, American Jurisprudence 908: "Although there is some authority to the contrary, the repossession of converted property by a third person who has an interest in the property is generally regarded as properly considered in mitigation of damages recoverable for the conversion. This is true not only where the third person seizes the property, or replevies the same, but also where the property is delivered to the third person upon a demand which is legally enforceable."--citing Goldberg v. List, supra, 11 Cal.2d 389; also reported in 116 A.L.R. 900.
 Respondent's return of the machines to Gould placed the plaintiff in intervention in exactly the same position it held prior to the unlawful sale by Gould. The plaintiff in intervention suffered no damage by that sale and resale. I would affirm the judgment.