166 Cal.App.2d Supp. 833 (1958)
MARTIN HILLHOUSE, Respondent,
v.
VERNON WOLF, Appellant.
California Court of Appeals. 
Dec. 26, 1958.
 Wilbur K. Kessler for Appellant.
 Maurice E. Smith and Lerrigo, Thuesen, Thompson & Thompson for Respondent.
 DeWOLF, J.
 This is an action in conversion. The trial court gave judgment in favor of the plaintiff from which the defendant has taken this appeal.
 The facts in this case are not in dispute. In February, 1951, plaintiff sold a ranch to the defendant who then went into possession of it. The sale of the ranch did not include the selling or purchasing of any of the personal property on the premises. At the time plaintiff turned over possession of the ranch there was left behind a sulphuring machine which is the subject matter of this lawsuit.
 The defendant first discovered this sulphuring machine several months after taking possession of the ranch. He found it in an old barn surrounded by sweat boxes. The barn in which he found the machine was in a dilapidated condition, so in the fall of 1951 he moved it to a more sheltered place.
 In 1952, the defendant repaired the machine and made an addition to it at a cost of about $75. In 1953, the defendant used the sulphuring machine for his own purposes in his farm work. His next and last use of the sulphuring machine was in 1956.
 From the time defendant purchased the ranch in February, 1951, the defendant did not see the plaintiff until about May of 1957, at which time the plaintiff appeared and demanded possession of his sulphuring machine. This demand the defendant refused.
 On October 10, 1957, the plaintiff filed an action in the municipal court, alleging that the defendant had converted his [166 Cal.App.2d Supp. 835] sulphuring machine. The defendant defended the action on the ground that plaintiff's action was barred by the statute of limitations. The trial court granted a judgment in favor of the plaintiff, and it is from that judgment that the defendant prosecutes this appeal.
 [1] The facts of this case clearly show the defendant to have been an involuntary bailee of the sulphuring machine, the machine having been accidentally left in his possession by the plaintiff. (Civ. Code, 1815, subd. (1).) As such the defendant was bound to take charge of the machine. (Civ. Code, 1816.) But the defendant had no right to use the machine without the consent of the owner. (Civ. Code, 1835.) That the defendant did use the machine without the consent of the plaintiff (owner) is conceded.
 [2] The act of the defendant in using the machine in 1953 was an act of conversion because a bailee such as the defendant was had no right to use the machine at all. (Civ. Code, 1835; 7 Cal.Jur.2d 630.)
 [3a] It is plaintiff's position that the statute of limitations did not commence to run until the defendant refused his demand to return the machine, the demand having been made in May, 1957. On the other hand, defendant contends that the statute began to run, at the very latest, in 1953 when he used the machine.
 We are compelled to agree with the defendant. [4] The law of this state provides that the statute of limitations commences to run at the time of the conversion and not when the owner of the property acquires knowledge of the acts constituting the conversion. (Rose v. Dunk-Harbison Co., 7 Cal.App.2d 502 [46 P.2d 242]; First National Bank v. Thompson, 60 Cal.App.2d 79 [140 P.2d 75]; 1 Witkin's California Procedure 646.) An exception to this rule exists when it is shown that an offending party voluntarily conceals a cause of action, in which case the statute is deemed not to become operative until the aggrieved party discovers the existence of the cause of action. (Pashley v. Pacific Electric Railway Co., 25 Cal.2d 226 [153 P.2d 325].) However, the exception is not applicable as the facts in this case in no way show that the defendant voluntarily attempted to conceal from the plaintiff the fact that the plaintiff had a cause of action.
 At the trial of the action in the trial court, it was stipulated that the present value of the sulphur machine was $150.
 [3b] It is our conclusion that the trial judge was in error when he did not rule that the action of the plaintiff was barred [166 Cal.App.2d Supp. 836] by the statute of limitations. At the very latest it would appear that the defendant committed an action of conversion in 1953, and it is from that time that the statute of limitations started running; consequently, at the time plaintiff filed his action in October, 1957, the action was barred.
 For the foregoing reasons the judgment of the lower court is reversed and it is ordered that judgment be entered in favor of the defendant.
 Conley, P. J., and Popovich, J., concurred.