**Brent L. SELLICK, Appellant,**

v.

**CLIPPER YACHT COMPANY, a corp. et al., Appellees.**

No. 21527.

United States Court of Appeals Ninth Circuit.

Nov. 9, 1967.

Brent L. Sellick, South San Francisco, Cal., in pro. per.

Heller, Ehrman, White & McAuliffe, M. Laurence Popofsky (argued), San Francisco, Cal., for appellees.

Before HAMLIN, BROWNING and DUNIWAY, Circuit Judges.

DUNIWAY, Circuit Judge:

Proceeding in pro. per., both in the trial court and here, Sellick appeals from a summary judgment against him. On September 20, 1965, he filed a libel in personam in admiralty, asserting that appellee had converted the vessel Hazard II, in which he had an interest as conditional vendor, that appellee claims a lien on the vessel for wharfage, that appellee has used the vessel, and that appellee has damaged it. He asked damages as follows: $15,800 as rental value of the vessel from June 1, 1962 until

October 1, 1965, $11,375 for damage to the vessel, and $9,500 for conversion.

Appellee moved for summary judgment, relying upon the judgment in another action as res judicata. In that case Sellick had sued appellee and the conditional vendees in the Superior Court, San Mateo County, California, on January 10, 1964. The complaint contained two causes of action. In the first, Sellick alleged ownership of the Hazard II, that the defendants had converted it, and that its value was $8,000. In the second, he alleged the conditional sale of the vessel, that the vendee had paid only $400, and that the balance due was $6,500. He sought to recover $8,000 for the conversion as well as the $6,500 balance, with interest. Appellee answered, denying the conversion and counterclaiming for wharfage due on the vessel. Appellee also set up as a defense certain proceedings in the Municipal Court, Central District, Marin County, California, in which it asserted a lien against the vessel for wharfage. On October 27, 1964, the Superior Court entered judgment that Sellick take nothing against appellee and that appellee take nothing against Sellick, the latter portion of the judgment being without prejudice to appellee's right to assert the same claim in the action pending in the Municipal Court, Marin County. In its findings of fact, the court found that Sellick had filed a third party claim (Cal.Code Civ.Proc. § 689b) in the Municipal Court case, that the vessel had been released to Sellick by the sheriff, that Sellick was made a defendant in that action on January 8, 1964, that

"The fair market value of that certain vessel known as 'Hazzard II' [sic] was ONE THOUSAND FIVE HUNDRED ($1,500.00) DOLLARS on each and every of the following dates: June 24, 1963, October 25, 1963, December 26, 1963, December 29, 1963, January 10, 1964, March 17, 1964 and September 15, 1964."

and that appellee did not convert the Hazard II. In substance, what the Superior Court did was to adjudicate Sellick's claim against appellee on its merits and sustain a plea in abatement to appellee's counterclaim. The judgment of the Superior Court is final.

In support of its motion for summary judgment appellee also filed an affidavit in which it is alleged that since March 17, 1964, appellee has repeatedly asked Sellick to take the boat away, but that Sellick has repeatedly refused to do so. It also showed that on November 29, 1965, appellee recovered a judgment in the Municipal Court, Marin County, against Sellick for $625, wharfage for the period March 17, 1964—September 20, 1965, not yet final.[1]

On May 16, 1966, the District Court, Judge Sweigert, sustained appellee's contention that the San Mateo County Superior Court judgment is res judicata as to all issues, up to its date (October 27, 1964). But he also held that if appellee had converted or damaged the boat after that date, the judgment would not be res judicata as to such issues. The judge therefore dismissed the complaint with leave to amend.

Sellick amended on June 15, 1966. In his amended libel he reasserts his claim

1. On January 26, 1965, Sellick filed an unsworn paper in which he said that his motion for new trial in the Municipal Court case was denied, and that he intended to appeal. In a reply letter, filed February 1, 1965, and also unsworn, appellee's counsel stated that Sellick filed no counterclaim in the Municipal Court for damage to the boat. On brief in this court, Sellick tells us that his appeal was dismissed. If these facts were properly established on the record, we think that the judgment would be res judicata as to

all issues here, except as to events occurring after November 29, 1965.

On brief, appellee tells us that it filed another action against Sellick in the Marin County Superior Court seeking wharfage for the period after September 30, 1965 and an injunction requiring Sellick to remove his boat. Apparently this action is still pending. It would be improper for us, rather than the District Judge, who could receive evidence about it, to consider its effect on this law suit.

that appellee converted the boat. He also alleged that appellee has "used" the boat since it first claimed its lien in 1963 and continues to "use" it, and that he is entitled to monthly rental of $395.00 per month from October 27, 1964 on—$7,900 for the period ending June 27, 1966. He also alleged that the vessel "has been damaged by respondent's (appellee's) refusal to release the vessel to the Heltons," (they are the conditional vendees), that "due to [appellee's] negligence damage has occurred to the hull and engine * * *" and that items have been removed from the vessel by third persons. He alleges that the vessel has been damaged in the sum of $14,463.21.

Appellee then renewed its motion for summary judgment, relying on the papers already on file, including Judge Sweigert's previous order, and that motion was granted and judgment of dismissal was entered by Judge Harris.

■■ Sellick argues that the Superior Court was without jurisdiction. In this he is mistaken. Sellick v. Sun Harbor Marina, Inc., 9 Cir., 1967, 384 F.2d 870 (decided October 27, 1967). The Superior Court being a court of general jurisdiction, its judgment is res judicata as to all issues that were or could have been raised in the case before it.[2] Thus, Judge Sweigert's views about its effect are correct.

■■ We think that appellee is also correct in asserting that Sellick cannot recover the rental value of the boat for the period subsequent to October 17, 1964. Appellee's affidavit that Sellick refused to receive the boat is uncontra-dicted. One cannot leave his property with another against the latter's desire and then collect rent for it. Nor can Sellick recover for negligent damage to the boat, under his pleading. In relation to Sellick, appellee's position is something like that of an involuntary depositary of the boat. Cal.Civ.Code §§ 1813, 1815 ¶ 1, 1845. But see Copelin v. Berlin Dye Works, etc., Co., 1914, 168 Cal. 715, 721, 144 P. 961, L.R.A.1915C, 712; People v. Gonzales, 1960, 182 Cal.App.2d 276, 5 Cal.Rptr. 920, 921, 922–923.[3] Appellee cannot be held liable for damage to the boat unless it results from gross negligence, which is not alleged. Davis v. National Lumber Co., 1913, 22 Cal.App. 111, 133 P. 509. See Cal.Civ.Code § 1846. Moreover, under Cal.Civ.Code § 1847 ¶ 2, appellee's duty ceased when it gave Sellick notice to remove the boat and he failed to do so within a reasonable time.

■ However, appellee was not entitled to use the boat. Cal.Civ.Code §§ 1835, 1836; Hillhouse v. Wolf, 1959, 166 Cal.App.2d Supp. 833, 333 P.2d 454. Therefore, if appellee did use the boat after October 27, 1964, or after November 29, 1965, (see footnote 1, supra) it could be liable for doing so. Res judicata would not bar an action based upon such use. And Sellick does allege that appellee used the boat after October 27, 1964. This is the only remotely viable issue left in the case.

The judgment is reversed and the matter is remanded to the District Court for further proceedings consistent with this opinion.

2. Sellick could have asserted, in the Superior Court case, all of the claims that he asserts here. He could also have asserted them in the Municipal Court case. See Cal.Code Civ.Proc. §§ 437 ¶ 2, 438, 439, 442, 396 (second paragraph), 666.

3. It might be argued that, by suing Sellick for wharfage, appellee has transformed itself into a depositary for hire. (See Cal.Civ.Code §§ 1851, 1852). But we think not, under the peculiar circumstances of this case. Sellick has been wrongfully using a berth at appellee's Marina against appellee's will and in violation of his duty to remove the boat. See Cal.Civ.Code § 1854. And that code provides for recovery of the depositary's necessary expenses (§ 1833 ¶ 2) without distinction between gratuitous deposit or deposit for hire. If Sellick could, by leaving his boat with appellee, put appellee to the choice of being under a duty to take care of the boat or of waiving its right to wharfage, there would be no inducement for Sellick to remove it. We do not think that the law is so unreasonable.